MARSHALL ET AL. *v.* TEMPERLEY.

[No. 14,722.  Filed September 25, 1934.  Rehearing denied December 15, 1934.  Transfer denied March 12, 1935.]

*Bingham, Mendenhall & Bingham,* for appellants.

*Charles F. Remy,* and *William H. Remy,* for appellee.

CURTIS, J.—This was an action for damages for personal injuries sustained by appellee Madge Temperly as the result of the alleged negligence of appellants. It is the theory of the appellee's amended complaint, that while she was backing her automobile over her private driveway at her residence at 5411 Washington Boulevard into said boulevard in the city of Indianapolis and had reached a point so that the rear end of said automobile extended approximately three feet into said street, it was struck with great force by an automobile, which at the time was being operated northward on said street by the appellant Jesse G. Marshall, Jr.; that the collision was caused by the negligence of said appellant in the operation of the automobile driven by him; that as a result of said collision the appellee was severely and permanently injured; and that at the time of the collision the appellant Jesse G. Marshall, Jr. was acting as the agent or servant of, and was assisting his father Jesse G. Marshall Sr., his co-appellant, in moving the household goods of the family; that because of said collision the appellee sustained personal injuries described in said amended complaint.

To the appellee's amended complaint each appellant filed a general denial. Upon the issues thus formed the cause was submitted to a jury for trial resulting in a verdict for the appellee against both appellants in the sum of $750.00, upon which judgment was rendered.

A motion for a new trial was seasonably filed by the appellants and overruled and this appeal prayed and perfected, assigning as the only error relied upon for reversal this ruling of the court. A summary of the causes or grounds of the motion is as follows:

(a) The verdict not sustained by sufficient evidence;

(b) the verdict contrary to law;

(c) excessive damages;

(d) error in the giving and in the refusal to give each of certain instructions;

(e) error in the admission of certain evidence over the objection of the appellants;

(f) error in refusing to require certain questions to be answered by certain witnesses;

(g) error in requiring each appellant to answer certain questions upon cross-examination.

An examination of the evidence leads one to the conclusion that it is ample to sustain the verdict of the jury. There was evidence that the appellee received cuts, bruises, and lacerations which have left permanent scars on her face and body and that she suffered severe pain and shock of a permanent nature. From the evidence the jury was warranted in concluding that her injuries were due to the negligence of the appellant Jesse G. Marshall Jr., in the operation of the automobile he was driving and that he was the agent or servant of his father Jesse G. Marshall and that both are liable. Neither can it be said that the verdict of the jury is excessive. The verdict must therefore stand unless it may be said to have been improperly affected by an error or errors of law occuring at the trial and presented to this court for review. As heretofore pointed out the appellants have sought to show such error in the giving and in the refusal to give certain instructions. We have carefully examined the instructions given and those refused, and in our opinion the jury was fully and fairly instructed and no error was made as to such. Instructions must be considered as a whole and when so considered, if they correctly and fully state the law of the case, they are sufficient. When the jury is so instructed it is not error to refuse to give other instructions. See *Shields* v. *The State*

(1897), 149 Ind. 395, 49 N. E. 351, and the numerous cases cited therein. See also *Indianapolis Traction and Terminal Company* v. *Thornburg* (1921), 74 Ind. App. 642, 125 N. E. 57.

The appellants have also predicated error upon the rulings of the court as to various items of evidence. In that respect complaint is chiefly made as to the rulings requiring each appellant to answer a question calling for the fact as to whether or not the appellant Jesse G. Marshall, Sr. had stated that he was fully covered by insurance. It is to be noted in this connection that earlier in the trial the witness E. E. Temperley had testified without objection by the appellants that Jesse G. Marshall, Sr. had said to him: "Never mind about your car, you can buy plenty of automobiles, what I am interested in is Mrs. Temperley. Spare nothing in connection with Mrs. Temperley for I am fully covered with insurance." No objection was made to the above testimony and no motion of any kind was addressed to the court to strike out any part of it. It thus remained in the record for the consideration of the jury with the complete acquiescence of the appellants. Whatever harm, if any, such evidence did the appellants was already done with their acquiescence before the complained of rulings were made and we do not believe reversible error was committed by the trial court in later requiring the appellant Jesse G. Marshall, Jr., on cross-examination, to answer the following question which was objected to by the appellants: "Do you recall whether or not he said that he was fully covered with insurance?" and in requiring the appellant Jesse G. Marshall, Sr. to answer the following question over the objection of the appellants: "You did tell him that you were fully covered by insurance?" The court permitted these questions by way of allowing the entire conversation, evidence of which had been

given, to be gone into and by way of impeaching questions. The appellants rely upon the case of *Taggart* v. *Keebler* (1926), 198 Ind. 633, 154 N. E. 485, which is readily distinguishable from the instant case. There, there was repeated testimony which the defendant denied that he had said he was heavily insured, each time over the objection of the defendant. In the instant case the evidence was given without any objection by the appellants and they did not deny the statement and there was no such repeated attempt made as to such evidence as in the Taggart case. But there is another reason why the judgment should be affirmed in the instant case. The examination of the record as a whole convinces us that the case was fairly tried and a correct result reached. The amount of the damages awarded by the jury, in view of the evidence, is in our opinion as favorable or more favorable to the appellants as the facts warranted. See §725, Burns 1926, §2-3231, Burns 1933, §505, Baldwin's 1934. Some other questions as to the rulings of the court upon the admission and exclusion of evidence have been raised, all of which we have examined. Some of this testimony relates to evidence admitted under the theory of *res gestae*. Our examination convinces us that no reversible error was made in such rulings. Other evidence objected to related to the condition of the appellee's health before the accident and to certain conversations of some of the witnesses with one of the appellee's attorney's. We have found no error in any of the rulings on such evidence.

The court correctly overruled the motion for a new trial. The judgment is affirmed.