LONG *v.* ARCHER ET AL.

[No. 27,800. Filed March 1, 1943.]

188

*Hemphling & Smith,* of South Bend, for appellant.

*Reidelbach & Spangler,* of Winamac, and *Moore & Greenwald,* of Gary, for appellees.

SHAKE, J.—This appeal resulted from an action for personal injuries brought by the appellee Vina Archer against the appellant Fred W. Long and the appellee Walter Laws. The complaint was in three paragraphs, which are denominated in the record as the amended second, the amended third, and the fourth, but for convenience we shall refer to them, respectively, as the first, second, and third paragraphs.

Hoffman Street extends east and west and Columbia Avenue north and south, intersecting at right angles, in the City of Hammond. By a city ordinance, Hoffman Street was a preferential thoroughfare, and there were appropriate stop signs indicating that fact to those using Columbia Avenue. The appellee Archer was in an automobile operated by appellant Long, which was proceeding south on Columbia Avenue. That car collided in the intersection with one driven east on Hoffman Street by the appellee Laws, resulting in personal injuries to the appellee Archer.

The first paragraph of the complaint alleged that Mrs. Archer was a "passenger" in Long's automobile but that she exercised no management over it or over him; that with willful, wanton, and reckless disregard

of the rights of others, and over her request to discontinue and desist, Long drove his automobile into said intersection at a speed which was high and dangerous considering the density of the traffic, the atmospheric conditions, and the location and width of the street and intersection; and that Long drove said automobile into said intersection without stopping, having said automobile under reasonable control, keeping a lookout for approaching traffic on Hoffman Street, or yielding the right of way to such traffic. The first paragraph further charged the appellee Laws with specific acts of negligence in the operation of his automobile, and it was alleged that the plaintiff's injuries resulted from each of the willful, wanton, and reckless acts of Long and each of the negligent and careless acts of Laws.

The second paragraph of complaint was substantially like the first, except that it was charged in the second that the plaintiff occupied the automobile of Long as his "guest," at his special instance, invitation, and request, and without payment for transportation. It was also alleged in the second paragraph that the plaintiff's injuries were caused by the willful, wanton, and reckless acts of Long, and the negligent and careless acts of Laws "jointly operating and concurring together."

The third paragraph was the same as the first, except that it charged that the plaintiff was in the employ of Long and that she was engaged in the performance of the duties of her employment at the time she was injured.

There was a jury trial resulting in a verdict against the appellee Long and in favor of Laws. The jury also answered interrogatories by which it found that the plaintiff was in the employ of Long and that she was acting in the course and scope of her duties as such at

the time of the accident; that Long approached and entered the intersection at a speed of approximately thirty (30) miles per hour, without slowing down and without looking for approaching traffic on Hoffman Street, although he was warned of the stop sign by the plaintiff and saw it in time to have stopped before reaching the intersection; and that, in the exercise of reasonable care, Long could have seen the approach of the Laws car in time to have stopped before entering the intersection. The jury also found that Long was guilty of willful and wanton misconduct as charged in the first and second paragraphs of complaint.

The appellant Long addressed a joint demurrer for want of facts to the first and second paragraphs of complaint prior to the adoption of Rule 1-6, 1940 Revision. There was no error in overruling this demurrer, unless both paragraphs of the complaint were bad. *Dorsett* v. *The City of Greencastle* (1895), 141 Ind. 38, 40 N. E. 131. The ground for the demurrer set out in the memorandum thereto was that the complaint alleged that the plaintiff was the guest of Long; that as a consequence, Long could not be held liable unless he was guilty of wanton and willful misconduct; and that while the allegations were sufficient to charge negligence, they did not constitute wanton and willful misconduct. The first paragraph of the complaint alleged merely that the plaintiff was a "passenger" in Long's car. The statute provides that the owner or operator of an automobile shall not be responsible for injuries to or death of *a guest, while being transported without payment therefor,* unless such injuries or death were caused by wanton or willful misconduct. Acts 1937, ch. 259, § 1, § 47-1021, Burns' 1940 Replacement; § 11265, Baldwin's Supp. 1937. The use of the term "passenger" in the first paragraph of

the complaint, as describing the relationship between the plaintiff and the appellant, does not necessarily imply that the plaintiff was a guest in the contemplation of the statute. In *Puckett* v. *Pailthorpe* (1929), 207 Iowa 613, 616, 223 N. W. 254, it was said:

> " ' "There are two main elements in the legal definition of a passenger: First, an undertaking on the part of the person to travel in the conveyance provided by the carrier; and second, an acceptance by the carrier of the person as a passenger." ' "

The term "passenger" ordinarily imports some contractual relation between the parties. *Gale* v. *Wilber* (1934), 163 Va. 211, 175 S. E. 739; *Bushouse* v. *Brom* (1941), 297 Mich. 616, 298 N. W. 303. We cannot say, as a matter of law, that the first paragraph of complaint alleged that the plaintiff was a guest within the meaning of the statute, but it disclosed the existence of some relationship that imposed upon the appellant the duty to exercise ordinary care toward and with respect to the plaintiff. If the appellant desired the complaint to be made more specific as to the relation of the plaintiff to him he should have moved that this be done. There was no error in overruling the joint demurrer to the first and second paragraphs of complaint.

Before the trial the appellant made a motion to require the plaintiff to elect as between the three paragraphs of complaint the one upon which she would stand. This motion was renewed at the close of the plaintiff's evidence and again after all the evidence was in. The basis of these motions were the same; namely, that the theories of the several paragraphs of complaint were inconsistent with respect

to the relationship alleged to have existed between the plaintiff and the appellant, one charging that she was a guest, another that she was a passenger, and the third that she was an employee. All these motions were properly overruled. While inconsistent theories should not be alleged in a single paragraph of complaint, they may be charged in separate and distinct paragraphs, and the plaintiff will not be called upon to make an election between them either before or upon the trial. § 2-1004, Burns' 1933, § 110, Baldwin's 1934; 1 Watson's Works Practice, § 331; *Indiana Rolling-Mill Co.* v. *Livezey* (1911), 47 Ind. App. 396, 94 N. E. 732; *Wells* v. *Wildin* (1938), 224 Iowa 913, 277 N. W. 308, 115 A. L. R. 169.

Complaint is made of the action of the trial court in overruling the appellant's motion for a directed verdict in his favor, made at the close of the plaintiff's evidence and again at the conclusion of all the evidence. The appellant waived the first motion when he offered evidence in his own behalf. *Indiana Insurance Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. (2d) 1003.; *Baltimore, etc., R. W. Co.* v. *Conoyer* (1898), 149 Ind. 524, 48 N. E. 352, 49 N. E. 452. The alleged error on the overruling of the second motion is not properly presented. Such an error can only be saved by a proper objection to a tendered peremptory instruction. *Cook & Bernheimer* v. *Hagedorn* (1925), 82 Ind. App. 444, 131 N. E. 788; *Rowlett* v. *Cockrill* (1927), 86 Ind. App. 92, 156 N. E. 181. The instructions are not in the record.

Inasmuch as the general verdict for the plaintiff rests solely on the second paragraph of the complaint, we shall notice particularly the allegations thereof and the answers to the interrogatories relating thereto. This paragraph alleged that

the plaintiff "was being transported" in the automobile of the defendant "as a guest of said defendant, . . . at the special instance, invitation and request of the defendant, . . . without payment for such transportation." The alleged willful and wanton misconduct of the appellant was that he drove and operated his automobile past a stop light and into an intersecting preferential highway with reckless and unlawful disregard of said stop light and the rights of others, especially the plaintiff, at the reckless, dangerous, unreasonable, and imprudent speed of approximately twenty-five (25) miles per hour. Elsewhere in said paragraph the aforesaid acts of the defendant were charged to have been negligently done.

In the absence of an effectual demurrer for want of facts or a motion to require the plaintiff to plead the facts necessary to sustain the conclusions alleged ▮▮▮▮ the second paragraph of complaint must be held sufficient to state a cause of action. The allegations that the plaintiff was in the automobile "at the special instance, invitation and request of said defendant" disclosed a common-law duty on the defendant to exercise ordinary care not to injure the plaintiff. That the plaintiff was being transported "without payment for transportation" and that she was a "guest" are consistent with the theory that the action was under the Guest Statute, but this does not necessarily follow. There may be a common-law liability although the injured party is being transported without paying therefor, and the use of the word "guest" in the complaint does not necessarily impel the conclusion that the action was exclusively under the statute. The word "guest" has a broad general meaning, as well as a somewhat narrow legal significance as used in the statute. It is quite conceivable that an agent or servant

acting in the course and scope of his employment might properly be referred to as the guest of his principal or master. *Liberty Mutual Ins. Co.* v. *Stitzle* (1942), 220 Ind. 180, 41 N. E. (2d) 133.

A paragraph of complaint should proceed upon a single and definite theory and a defendant has a right to require that it do so. It is not fatal to an ▉ action, however, that the complaint discloses two theories, where no steps were taken by the defendant to confine the pleadings to a single theory or to separate it into distinct paragraphs. *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N. E. (2d) 321. Since the second paragraph of complaint was good on the theory of common-law negligence, it is unnecessary for us to consider whether it was also sufficient under the Guest Statute. The instructions are not in the record and we cannot know upon what theory the case was tried.

The jury found by its answers to the interrogatories that the plaintiff was in the employ of the appellant and that she was acting in the course and scope ▉ of her employment; that she was riding in the defendant's car at his special instance, invitation and request, without obligation to pay for her transportation; and that the defendant drove into a preferential highway without looking for approaching traffic thereon, although he saw a stop sign and was warned of its presence by the plaintiff in time to have stopped before entering said intersection. These findings are consistent with the general verdict in favor of the plaintiff on the theory that the second paragraph of complaint stated a cause of action for common-law negligence.

The findings that the plaintiff was not the defendant's "guest" and that the defendant "was guilty of willful

and wanton misconduct" as charged in the second paragraph of complaint, may be ignored as being conclusions of the jury. While, under some circumstances, a finding that one was or was not a guest might be proper as a finding of an ultimate fact, it was not the function of the jury by its answers to the interrogatories to conclude that the defendant was not within the protection of the Guest Statute, or that he was guilty of willful and wanton misconduct. It performed its full duty in that regard when it found the ultimate facts to which the court could apply the law. *Board of Commissioners of Huntington* v. *Bonebrake* (1896), 146 Ind. 311, 45 N. E. 470; *Tucker Freight Lines, Inc.* v. *Gross* (1941), 109 Ind. App. 454, 33 N. E. (2d) 353; 1 Gavit's Indiana Pleading and Practice, §§ 109b and 161d.

The judgment is affirmed.

NOTE.—Reported in 46 N. E. (2d) 818.