## OTT *v.* PERRIN

[No. 17,384. Filed October 22, 1945. Rehearing Denied November
16, 1945. Transfer Denied December 20, 1945.]

316

Proctor & Proctor and Carl L. Myers, all of Elkhart, for appellant.

Guy W. Dausman and Robert B. Hartzog, both of Goshen, for appellee.

DRAPER, J.—The appellee, plaintiff below, brought this action to recover damages for personal injuries sustained in an automobile accident. From a verdict and judgment for $5,000 the defendant below appeals.

Summarized, the appellant relies for reversal upon the propositions that (1) the verdict of the jury is not sustained by sufficient evidence and (2) is contrary to law; (3) error in overruling appellant's motion for a directed verdict; (4) error in giving and refusing certain instructions; (5) error in the admission of certain evidence; and (6) excessive damages.

No demurrer was addressed to the complaint, which is in one paragraph, and no claim is made that it fails to state a cause of action, but the appellant insists the cause of action stated is one under the so-called "Guest Statute" (§ 47-1021, Burns' 1940 Replacement), and

that the court erred both in instructing the jury solely upon the theory of common law negligence and in permitting the appellee to recover upon that theory.

The complaint alleges, as to the relationship of the parties, that at the time of the accident the plaintiff "was riding with the defendant as the defendant's guest." It nowhere alleges that the appellee was being transported without payment therefor. The only allegation of a breach of duty on the part of the appellant is that the defendant "carelessly, negligenly, wantonly and wilfully" failed to observe the warning of a stop sign, failed to bring his automobile to a stop, failed to look for approaching cars on an intersecting road, and drove directly into the path of an oncoming car.

A paragraph of complaint very similar, but still more suggestive of a case brought under the "Guest Statute," was considered by our Supreme Court in *Long* v. *Archer* (1943), 221 Ind. 186, 46 N. E. (2d) 818, and was there held to state a cause of action on the theory of a common law liability. We adopt the reasoning and adhere to the law of that case and hold that the complaint under consideration does likewise. As was said in the case last cited "A paragraph of complaint should proceed upon a single and definite theory and a defendant has a right to require that it do so. It is not fatal to an action, however, that the complaint discloses two theories, where no steps were taken by the defendant to confine the pleadings to a single theory or to separate it into distinct paragraphs . . . Since the second paragraph was good on the theory of common-law negligence, it is unnecessary for us to consider whether it was also sufficient under the Guest Statute."

If doubt exists as to what the theory of a complaint is, the court will determine it from the general scope

and tenor of the pleading. *Sickels* v. *Aetna Securities Co.* (1942); 220 Ind. 347, 41 N. E. (2d) 947. Whatever theory the parties were proceeding on, the trial court submitted the case to the jury, justifiably, we think, on the theory that his was a negligence case.

The appellant bases most of his contentions under (4) above on the fact that the court refused to instruct on the theory of the "Guest Statute," but on the contrary told the jury that the undisputed facts brought the case within the general rules of negligence. The undisputed evidence shows that the parties worked in the same plant and when the accident occurred the appellee was being driven to work by the appellant in the latter's automobile. This was pursuant to prearrangement between them whereby, on account of the gasoline shortage, they exchanged rides, the appellant sometimes furnishing and driving his car and the appellee sometimes doing the same, and this arrangement had been carried out for some weeks prior to the accident.

In the case of *Liberty Mut. Ins. Co.* v. *Stitzle* (1942), 220 Ind. 180, 41 N. E. (2d) 133, our Supreme Court said:

> "The word 'guest' has more of social than business significance. The words 'without payment for such transportation' imply some valuable consideration for the ride. The presence of the person injured must have directly compensated the owner or operator in a substantial and material way. If the trip is primarily social, incidental benefits though monetary do not exclude the guest relationship. If the trip is primarily for business purposes and the one to be charged receives substantial benefit, though not payment in a strict sense, the guest relationship does not exist. Expectation of a material gain rather than social companionship

must have motivated the owner or operator in inviting or permitting the other person to ride."

Applying that and the other language of that case to the facts in this case, we hold that the appellee was not a guest being transported without payment therefor within the meaning of the "Guest Statute," and the court did not err in refusing to instruct the jury on the theory thereof, for there was no evidence whatever to bring the case within its provisions.

To sustain specifications (1), (2) and (3), the appellant insists the evidence was not sufficient to permit a recovery under the "Guest Statute." We agree it was insufficient for that purpose. But actionable negligence on the part of the appellant is shown by the evidence, and the appellant makes no serious contention to the contrary. A showing of wanton or wilful misconduct was not necessary.

Two doctors, interrogated as to the extent of appellee's permanent impairment as measured in percentages, were allowed to testify that he had lost from one-third to forty percent of his usefulness as the result of his injuries. These witnesses had qualified as medical experts, had examined and treated the appellee, and had already testified as to the actual facts and conditions of which they had personal knowledge. It was a subject upon which they were entitled to express an opinion and the evidence was admissible over the objection urged. *Acme-Evans Company* v. *Schnepf* (1938), 214 Ind. 394, 14 N. E. (2d) 561.

The appellee was permitted to testify, in effect, that because of his injuries he did not feel like working as many hours as his employer would have permitted him to work, and as a result thereof he had sustained a financial loss. The appellant

complains because, they say, this evidence was speculative, for appellee might not have worked the maximum number of hours in any event. Whether or not this evidence is subject to criticism, it would not work a reversal in this case, for it is apparent, considering the size of the verdict in relation to the seriousness of appellee's injuries, that the appellant was not harmed by it. *Marshall* v. *Temperley* (1935), 100 Ind. App. 131, 192 N. E. 106; 5 C. J. S., § 1736(e), p. 1025. Appellant admits appellee's injuries to have been "severe." Under the undisputed evidence they were so severe, in our opinion, that the jury would have been justified in returning a verdict considerably larger.

The appellant complains of two of the instructions given because they omit the element of proximate cause. They were not objected to for that reason below (see Rule 1-7, 1943 Revision), and in any event the jury was fully informed as to proximate cause by an instruction tendered by the appellant and given by the court.

One of appellant's tendered instructions was drawn upon the theory of incurred risk, and the appellant complains of the court's refusal to give it. We find no evidence which would, in our opinion, justify the giving of it. He also asserts that the instruction given with respect to damages is erroneous. His contention in this respect is not supported in his brief, and therefore requires no consideration in this opinion.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 63 N. E. (2d) 163.