KIRSCH *v.* HARKER

[No. 17,880. Filed February 6, 1950.]

Martin, P. J., not participating.

*Charles Davis,* of Mishawaka, for appellant.

*Leo Van Tilbury,* of Mishawaka, and *George Sands,* of South Bend, for appellee.

BOWEN, J.—Appellant filed an action in the lower court for personal injuries allegedly suffered by her while she was riding in appellee's automobile as his guest. Appellee filed a demurrer to appellant's amended complaint which the court sustained, appellant refused to plead further, and the court entered judgment for appellee and against appellant.

The sole error assigned for reversal is the action of the court in sustaining appellee's demurrer to appellant's amended complaint.

Appellant's amended complaint, in substance, alleged the existence of an ordinance of the City of Mishawaka, Indiana, requiring motorists to stop before entering a street intersection marked with a "Stop" sign; that a stop sign in accordance with said ordinance had been erected on the south side of Broadway Street where the same intersects Division Street in said city; that said Broadway Street runs east and west where the same intersects said Division Street; and that said Division Street runs north and south where the same intersects said Broadway Street; that there is a slight jog in Broadway at said intersection, so that the south line of the same, where it continues eastwardly from the east side of Division Street, is approximately thirty feet north of the place where such south line intersects the west line of Division Street, and that it is necessary for one going east through said intersection to go in a northeasterly direction; that immediately in front of the traffic approaching Division Street from the west on Broadway and on the east side of Division Street, approximately forty-two feet from the west curb line of Division Street, is located a large tree, and immediately to the west and not more than fifteen feet distance therefrom is a two-story dwelling house; that said tree and house was in plain view of all persons approaching Division Street on Broadway from the west, and that if one entered Division Street from the west and continued due eastwardly, he would run into said tree, and should he drive to one side of the tree he would run into said dwelling house; that on the day in question the appellee was operating his automobile east on said Broadway Street, and that appellant was riding in appellee's automobile as his guest; that appellee was

guilty of wanton and wilful misconduct in this; that he disregarded and failed to observe said ordinance and such stop sign, and failed to slow down or bring his automobile to a stop before entering said intersection, and he failed to operate and drive his automobile in a northeasterly direction through said intersection, and although said tree on the east side of Division Street was plainly visible to him, the appellee with a conscious indifference to the consequences, drove and operated his said automobile into and against said tree on the east side of Division Street, and thereby caused plaintiff to suffer the injuries complained of, as a direct result of the alleged wanton and wilful misconduct to her damage.

The grounds set forth in appellee's demurrer are that the facts averred in appellant's amended complaint are insufficient in law to constitute a cause of action. In the memorandum attached to the demurrer, the appellee claims that the facts alleged do not amount to or constitute "wanton or wilful misconduct" within the meaning of the so-called "guest" statute, § 47-1021 Burns' 1940 Replacement, and that the facts averred simply charge defendant with negligence in failing to obey the stop sign and in failing to operate his vehicle under control, and in failing to keep and maintain a proper lookout, and that under such "guest" statute, such acts of negligence do not give rise to nor fix a liability on defendant under said statute.

The statute in question, § 47-1021, *supra*, provides:

"Guest of owner or operator—Right to damages.—The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or

wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

The appellee insists it must be conclusively presumed that the action is under the "guest" statute. From the fact that the complaint in the instant case alleged that the appellant was riding in appellee's automobile as his guest, it cannot be conclusively presumed as a matter of law this action is under the so-called "guest" statute. *Ott* v. *Perrin* (1945), 116 Ind. App. 315, 63 N. E. 2d 163.

However, the issue presented by the demurrer is whether the appellant as plaintiff has alleged in his complaint sufficient facts to discharge the burden cast upon a plaintiff by the guest statute. The duty placed upon a plaintiff by this statute is to sustain the additional burden of proving wanton or wilful misconduct in the operation of the motor vehicle. If a plaintiff fulfills the requirements of the burden placed upon him by such statute of alleging wanton and wilful misconduct, the fact that the allegations of the complaint merely referred to the plaintiff as a guest and omitted the allegation "without pay," would not result in prejudice to the defendant in the absence of a motion to make the complaint more specific or a motion to elect as to the theory upon which the cause was to be tried, whether under the common law theory of liability or under the guest statute.

The complaint contains an allegation that although said tree on the east side of Division Street was plainly visible to him, the appellee with a "conscious indifference to the consequences, drove and operated his said automobile into and against said tree on the east side of Division Street, and thereby caused the plaintiff to suffer the severe injuries" as set forth in the complaint.

Such an allegation, when considered in connection with the other allegations of the complaint set forth in this opinion, is clearly sufficient to charge wilful and wanton misconduct within the meaning of the statute. Our courts have laid down the rule that wilful or wanton misconduct consists of conscious and intentional doing of a wrongful act or omission of a duty with reckless indifference to the consequences under circumstances which show that the doer has knowledge of existing conditions and that injury will probably result. Knowledge of such existing conditions may be obtained through the senses of the doer or from warning of others. *Bedwell* v. *DeBolt* (1943), 221 Ind. 600, 50 N. E. 2d 875; *Swinney* v. *Roler* (1943), 113 Ind. App. 367, 47 N. E. 2d 846; *Baines* v. *Collins* (1942), 310 Mass. 523, 38 N. E. 2d 626; 4 Blashfield, *Cyc. of Automobile Law and Practice* (Perm. Ed.), § 2322, pp. 370-388.

The complaint therefore sufficiently alleged facts of wanton and wilful misconduct to fulfill the plaintiff's burden under the guest statute. Whether the complaint is also good on the theory of common law negligence is a question we need not determine, for it is too well settled to necessitate the citation of authority that if a complaint is good on any theory and if the facts stated entitled plaintiff to any relief, such complaint is sufficient as against a demurrer for want of facts.

The lower court, therefore, erred in sustaining appellee's demurrer to appellant's amended complaint. Judgment is reversed with instructions to the trial court to overrule appellee's demurrer to appellant's amended complaint.

Martin, P. J., not participating.

NOTE.—Reported in 89 N. E. 2d 924.