## TRENT v. RODGERS

[No. 18,131. Filed March 31, 1952. Rehearing denied October 23, 1952. Transfer denied December 2, 1952.]

140

*Gambill, Dudley & Cox,* of Terre Haute, for appellant.

*Hansford C. Mann* and *Mann, Stohr & Mann,* of Terre Haute, for appellee.

BOWEN, C. J.—This is an appeal from a judgment in an action for damages for alleged personal injuries brought by the appellee who sustained such injuries while riding as a guest in a motor vehicle operated by the appellant.

Issues were formed on appellee's complaint in one paragraph which set forth five acts of alleged wilful and wanton misconduct.

Appellant filed a demurrer to appellee's amended complaint, which demurrer was overruled, and the appellant filed answer in one paragraph, which admitted plaintiff was riding as a guest in such automobile driven by appellee and denied the other allegations of the complaint.

The cause was submitted to a jury which returned a verdict in favor of appellee and against appellant in the sum of $1,600, and judgment was rendered thereon.

Errors assigned for reversal in this court are that the court erred in overruling appellant's motion to strike out parts of appellee's complaint; that the court erred in overruling appellant's motion for a directed verdict at the close of appellee's evidence, and that the court erred in overruling appellant's motion for a directed verdict at the close of all of the evidence, and that the court erred in overruling appellant's motion for a new trial.

The overruling of a motion to strike out part of a pleading ordinarily is not reversible error, even though such action be erroneous. *Heinrich* v. *Ellis* (1943), 113 Ind. App. 478, 48 N. E. 2d 96; *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456; *Holloway* v. *Thompson* (1942), 112 Ind. App. 229, 42 N. E. 2d 421. From an examination of the whole record we must conclude that appellant's first assignment of error is not tenable. *American Income Ins. Co.* v. *Kindlesparker* (1942), 110 Ind. App. 517, 37 N. E. 2d 304; *Butt* v. *Iffert* (1909), 171 Ind. 554, 86 N. E. 961; Flanagan's Pleading and Procedure §126, p. 181, and cases therein cited; 2 Lowe's Revision Work's Indiana Practice §23.30, p. 127.

Appellant further contends that the court erred in overruling appellant's motion for a directed verdict at the close of appellee's evidence. This assignment was waived by the introduction of evidence thereafter by the appellant in his behalf. *The Baltimore, etc., R. W. Co.* v. *Conoyer* (1898), 149 Ind. 524, 48 N. E. 352; *Indiana Insurance Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003.

Appellant also contends that the court erred in overruling appellant's motion for a directed verdict at the close of all of the evidence. In support of this assignment, the appellant contends that there is no evidence in the record which shows that the appellant was guilty of any wilful or wanton misconduct as the same has been defined in this state.

From the evidence in the record, it appears that appellant took the appellee to a tavern for a social evening, and while they were there, appellee spoke to a man for whom she had formerly worked; that appellant left her while she was speaking to this man and his wife and went on back to the table where the ap-

pellant and appellee had been sitting, and sat down. He immediately started accusing appellee and berating her about talking to her former employer, insisting that he was more than just an employer. They sat there for some time and kept quarreling, appellant accusing appellee of many things, and saying she had no business shaking hands with the man and talking to him, and they continued arguing until they left the place. They drove immediately to the scene of the collision in the business district of Terre Haute. Appellee told appellant "If you are going to the Rose Room I would like to go home, I don't wish to go." Appellant immediately swung the truck to the left into an alley and backed it into a south bound car. The impact threw appellee's head against the back window of the car, smashing it, and then forward against the dashboard and appellee was thereby injured. Immediately following the collision, appellant got out of the truck "cussing and hollering" at the other driver. At the time of the collision appellant's truck was equipped with a mirror set so appellant could see to the right of him when backing out. The appellant did not look directly north, but depended on the mirror to see north.

Appellee testified that a few days after the accident the appellant told appellee that he saw the lights of the car, but that he was so "damned mad" he did not care whether he hit the car or not.

When we consider the foregoing evidence, and the reasonable inferences which the jury had a right to draw from such evidence it appears that defendant-appellant, while in a state of anger and with a conscious indifference to the consequences drove his motor vehicle into and against the other vehicle as a result of which appellee was injured, and under such circumstances which would tend to disclose

the appellant's knowledge that an injury to appellee would be the probable result of such conduct. The jury had a right to believe the appellee's testimony that appellant admitted he had seen the lights of the other car and that he was so "damned mad" he did not care whether he hit the car or not. Such evidence clearly established sufficient wilful and wanton misconduct to warrant the jury in returning a verdict for the appellee. *Hubble* v. *Brown* (1949), 227 Ind. 202, 84 N. E. 2d 891; *Kirsch* v. *Harker* (1950), 120 Ind. App. 66, 89 N. E. 2d 924; *Bedwell* v. *DeBolt* (1943), 221 Ind. 600, 50 N. E. 2d 875.

The complaint in the instant case was predicated upon the theory that appellee was a non-paying guest in the motor vehicle operated by the appellant. The action was brought under the so-called guest statute which provides that the owner or operator of the motor vehicle shall not be liable for loss or damages arising from injuries or death to a guest while being transported without payment therefor unless such injuries or death are caused by the wanton or wilful misconduct of the operator of such motor vehicle. Burns', 1952 Replacement, §47-1021.

The amended complaint alleged that the appellee was riding as a guest in the automobile being driven by appellant when the said appellant, "while in a sudden fit of anger, backed out of an alley between Wabash Avenue and Cherry Street and into an automobile being driven south on 4th Street in a heavily traveled part of the business district of the city of Terre Haute, Vigo County, Indiana, injuring the plaintiff as hereinafter set out.

"2. That defendant was intimately acquainted with the fact that 4th Street, at the point of the collision, is heavily traveled by motor vehicles.

"3. That the defendant at said time and place was guilty of wilful and wanton misconduct, and with conscious indifference to the consequences, recklessly disregarded the rights of Mabel Rodgers as follows, to-wit:

"(a) The defendant failed to look for oncoming automobiles before backing his automobile into 4th Street as aforesaid.

"(b) The defendant, without looking for approaching automobiles and while angry, backed said automobile onto said 4th Street at a high and dangerous rate of speed and with great force and violence, to-wit: 12 to 15 miles per hour—at a time when defendant knew that another automobile was approaching so closely that a collision would probably occur and cause injury to the plaintiff.

"(c) The defendant failed to yield the right-of-way to the automobile with which he collided, which said automobile was driving south on 4th Street in close proximity to the point of impact, which fact was known by defendant at said time.

"(d) The defendant failed to use proper care or any care whatsoever to avoid injuring the plaintiff, Mabel Rodgers.

"(e) The defendant failed to stop his automobile before backing into 4th Street."

One of the main propositions asserted by appellant's various assignments of error and in his motion for a new trial is that the specifications (a), (d) and (e) charge acts of simple negligence alone, and appellant claims that proof of such acts would not support a verdict, and that by reason of the court's instructions that proof of any of the issues charged in the complaint would entitle plaintiff to a verdict, the court erred in submitting such issues to the jury.

It is necessary in this connection that we examine the instructions and consider the same with reference to the complaint and the evidence in this cause.

The court by Instruction No. 1 tendered by appellee properly defined wanton and wilful misconduct as follows:

"I instruct you that wanton misconduct is the intentional or wanton disregard of the safety of others, and is manifested by conduct which is of such a character as to indicate a motorist's indifference to the consequences of his acts.

"Wilful misconduct is the intentional doing of something that should not have been done, or intentional failure to do something that should have been done, in the operation of the automobile, under circumstances tending to disclose the operator's knowledge that an injury to a guest will be the probable result of such conduct.

"Wantonness is the conscious doing of some act or the omission of some duty with knowledge of existing conditions; and consciousness that, from the act or omission, injury will likely result to another."

By Instruction No. 17, the court charged the jury as follows:

"In her complaint the plaintiff has charged the defendant with a number of separate acts alleged to be wanton or wilful misconduct in the operation of the involved motor vehicle.

"I instruct you that the plaintiff is not required to prove each and all of the acts charged in her complaint as wanton or wilful misconduct by the defendant in the operation of the involved motor vehicle but you would be justified in finding the defendant guilty of wanton or wilful misconduct in the operation of the involved motor vehicle, if you find from a preponderance of the evidence in this case that the defendant, Claude Trent, was guilty of wanton or wilful misconduct in the operation of his motor vehicle in any one of the par-

ticulars charged as such in the complaint, providing you find such act to be wanton or wilful misconduct and find all the other material allegations of the plaintiff's complaint to be true from a preponderance of all the evidence on each of such allegations."

The appellant asserts that by this instruction the court authorized a recovery against appellant if there was any evidence to support specifications (a), (d), or (e) in the complaint thereby permitting the jury to return a verdict for appellee without proof of wilful or wanton misconduct.

However, from a fair consideration of such instruction, it appears clear that the court instructed the jury that such specifications of negligence in (a), (d) and (e) must have been found by such jury to amount to wanton or wilful misconduct, and that the jury, in addition, must find all the other material allegations of the plaintiff's complaint to be true from a preponderance of all the evidence on each of such allegation.

The court did not by such instruction authorize the jury to return a verdict for the appellee without proof of wilful or wanton misconduct.

The amended complaint set forth specified acts of negligence under Item 3 in which it was alleged that at aid time and place, the appellant was guilty of wilful and wanton misconduct and with conscious indifference to the consequence recklessly disregarded the rights of appellant according to the particular specifications. The appellant insists that specifications (a), (d) and (e) are insufficient in that they do not charge circumstances tending to disclose appellee's knowledge that an injury to a guest would be the probable result of his conduct.

Knowledge of existing conditions on the part of the host is a consciousness of such conditions obtained

through the exercises of his senses or information obtained from warning through others. In the instant case, through the exercise of his senses, the defendant had knowledge of the likelihood of an injury to his guest as a result of his backing his automobile in a fit of anger into a public street, under the circumstances disclosed by this record. *Kirsch* v. *Harker, supra; Bedwell* v. *DeBolt, supra.*

The appellant has assigned error in the overruling of objections to certain questions asked of the witness Frank McGlone, and also as to the overruling of objections to the questions asked of plaintiff Mabel Rodgers. In his motion for a new trial in both instances above the appellant does not set out the answers given to such questions. It is, therefore, impossible for this court to determine whether appellant was harmed by the action of the court in overruing such objections.

The appellant assigns as additional error the action of the court in refusing to give appellant's instruction numbered 19. Such instruction contained the following statement:

"... if you find that at the time the defendant, backing his motor vehicle from the alley described in plaintiff's complaint, had no knowledge that a motor vehicle was approaching from the north at such speed and so closely that it could not pass and that a collision would probably occur which would result in injury to this plaintiff, then you must find for the defendant, Claude Trent, even though you may find by a preponderance of the evidence in this case that the defendant, Claude Trent, may have been angry at said time and place."

Such portion of the instruction is mandatory in form and directed the jury to find for the defendant in the

event the appellant had no knowledge that a motor vehicle was approaching from the north at such speed and so closely that it could not pass and that a collision would probably occur which would result in injury to the appellee.

In order to hold the host driver liable by reason of wilful and wanton misconduct, his knowledge of existing conditions and consciousness that from his act or omission injury will likely result to another, is not the knowledge of a particular fact or knowledge that a motor vehicle was approaching at such time and place, at such speed and so closely that it *could not pass* (our emphasis), but it is sufficient if such host driver have a consciousness of conditions obtained through the exercise of his senses and knowledge of the likelihood of an injury to his guest as a result of his conscious acts.

A person who knowingly backs his automobile into a public street in a fit of anger of a degree; which he characterizes in the word used by appellant that he saw the lights of the car but he was so "damned mad" he did not care whether he hit it or not; has knowledge, through the exercise of his senses, of the likelihood of injury to his guest.

The appellant also contends that the court erred in refusing to give appellant's Instruction Numbered 54, which reads as follows:

> "You are instructed, Members of the Jury, that the failure of the defendant to see the motor vehicle which collided with his automobile as he backed his motor vehicle from said alley as described in plaintiff's complaint, if you find that the defendant, Claude Trent, failed to see the automobile which collided with his truck, would not in itself constitute wilful and wanton misconduct."

Such instruction specified an act of simple negligence and sets forth that such act alone would not in itself constitute wilful and wanton misconduct. This instruction does not contain an incorrect statement of law, and there is conflicting evidence as to whether appellant failed to see the motor vehicle with which the vehicle collided. However, in examining this record on appeal, considering the fact that the court did instruct the jury properly as to the definition of wanton and wilful misconduct, and did instruct the jury that it was necessary for them to find that the particulars of negligence charged in the complaint must have been found to have been wilfully or wantonly done, it cannot be said that appellant was harmed by the refusal of the court to give this instruction.

We have examined all of the separate specifications of error in appellant's brief and, having considered the same, we find no reversible error.

The judgment is affirmed.

NOTE.—Reported in 104 N. E. 2d 759.