Richard **PARKER**, Plaintiff-Appellee,

v.

Andrew **HERESZ**, Defendant-Appellant.

No. 13351.

United States Court of Appeals Seventh Circuit.

Nov. 1, 1961.

Rehearing Denied Nov. 29, 1961.

**732**

Herbert L. Fehner, William S. Spangler, Gary, Ind., for appellant, Spangler, Jennings, Spangler & Dougherty, Gary, Ind., of counsel.

Charles K. Whitted, Gary, Ind., for appellee, Strom & Whitted, Gary, Ind., of counsel.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Richard Parker (plaintiff-appellee) brought this diversity action against Andrew Heresz (defendant-appellant), and

two other defendants,[1] to recover damages for personal injuries; medical, hospital and nursing care; and loss of wages arising out of an automobile accident in Lake County, Indiana on January 28, 1957. Plaintiff was riding in a car driven by defendant and owned by defendant's father.

The cause was tried to the court without the intervention of a jury. At the conclusion of the trial, the court made findings of fact and stated conclusions of law, with a memorandum opinion, and rendered judgment that plaintiff recover damages from defendant in the sum of $15,000 and costs.

The trial court denied defendant's post-trial motions to vacate and set aside the judgment and for a new trial. This appeal followed. The amount of the recovery is not in dispute here.

This appeal presents two ultimate contested issues properly stated by defendant as follows:

"1. Considering the pleadings and the theory upon which this cause was submitted for trial could the court make a finding and enter judgment on a theory entirely different from that raised by the complaint and answer?

"2. Considering all of the competent evidence and reasonable inferences drawn therefrom, could the trial court make a finding that the plaintiff was not a guest passenger in the automobile of the defendant, Heresz at the time of the accident in question?"

The trial court found and concluded that the negligence of defendant was the sole proximate cause of the collision of his automobile with another car and of plaintiff's resulting injuries, and that at the time of the accident plaintiff was not a guest of defendant within the meaning of the Indiana Guest Statute, Burns' Indiana Statutes Annotated, 1952 Replacement, § 47–1021.[2]

---

1. The other two defendants were subsequently dismissed out of the case and are not concerned in this appeal.

2. "47–1021. Guest of owner or operator—Right to damages.—The owner, operator, or person responsible for the operation

Defendant's first contention is premised on the argument that plaintiff's complaint is predicated on the Indiana Guest Statute and that the trial court erroneously allowed a recovery under the theory of common law negligence. Defendant urges that plaintiff can recover only on the theory of his complaint and that no common law action was pleaded in the complaint.

An examination of relevant parts of the complaint reveals the following allegations:

"Count II

"1. On the 28th day of January, 1957, at 6:30 P.M., *the plaintiff was a guest passenger* in the rear seat of a Ford sedan, Model 1949, which was then being driven by the defendant Andrew Heresz, a minor, then aged 17 years, * * *.

\* \* \* \* \*

"5. Said defendants did operate their automobile in such willful and wanton manner *and did commit willful and wanton acts of negligence as hereinafter set forth,* all over the objections and admonishments of the plaintiff, riding in the back seat of said automobile. But the said defendants did continue willfully and wantonly to drive north on Cline Avenue, up the southern slope of said Indiana East-West Toll Road overpass and down the northerly slope thereof at said increasing rate of speed, knowing that the said Ford automobile could not be stopped on said pavement at that place within the range of vision in view of conditions of the highway and of the weather as aforesaid.

"6. *By reason of said willful and wanton acts* of said defendants, the defendants Heresz and Heresz swerved their said automobile from

side to side on the icy and slippery pavement of said overpass and down the northerly slope thereof and drove in such a manner as to lose control of their said automobile *by the willful and wanton continuity* of the unlawful speed thereof and the driving of same without being able to stop it within the range of their vision and *with reckless disregard of the safety of the plaintiff in the willfulness of their commission of the acts as herein alleged.*

"7. As a direct and proximate cause of *the willful and wanton misconduct* of said defendants * * * [a collision occurred with resulting injuries to plaintiff].

"8. The plaintiff sustained, as a result of *the willful and wanton misconduct* of said defendants * * * [further injuries]. * * *" (Emphasis added.)

Defendant answered the complaint asserting, *inter alia,* that the complaint failed to state a claim against him upon which relief could be granted, admitting that plaintiff was riding in an automobile driven by him and that the collision in question took place, but denying all other allegations therein.

■■ It is well settled that in diversity cases tried in federal courts federal law governs practice and procedure and state law controls as to substantive matters. In looking at the complaint before us Indiana substantive law will determine whether plaintiff has properly pleaded a cause of action under the Indiana Guest Statute and federal law will determine whether plaintiff has stated a claim on which he can recover against defendant.

■ In the instant complaint plaintiff is alleged to be a "guest passenger" riding in defendant's car. Defendant is

of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a *guest, while being transported without payment therefor,* in or upon such motor vehicle, resulting from the operation thereof, unless such inju-

ries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle." (Emphasis added.)

charged in one place with committing "willful and wanton acts of *negligence* as hereinafter set out," and thereafter generally with "said willful and wanton acts" or "willful and wanton misconduct." (Emphasis added.)

Nowhere is there any allegation that plaintiff was a "guest, while being transported without payment therefor" in the language of the Indiana Guest Statute, supra. It is well settled in Indiana that the absence of such an allegation in the language of the statute or other appropriate allegations of lack of payment for the "guest's" transportation is fatal to any attempt to plead an action under that statute. Ott v. Perrin, 1945, 116 Ind. App. 315, 318, 63 N.E.2d 163; Long v. Archer, 1943, 221 Ind. 186, 46 N.E.2d 818.

From the mere fact that a plaintiff is alleged to be a "guest" or a "passenger" in a car, it cannot be conclusively presumed as a matter of law that the action is under the Indiana Guest Statute. Kirsch v. Harker, 1950, 120 Ind.App. 66, 70, 89 N.E.2d 924; Ott v. Perrin, supra; Long v. Archer, supra; Liberty Mut. Ins. Co. v. Stitzle, 1942, 220 Ind. 180, 41 N.E.2d 133.

In some Indiana cases where the allegations of breach of duty on the part of a driver of an automobile to his passenger are strikingly similar to those in the complaint before us, it is held that an action of common law liability was stated. Ott v. Perrin, supra; Long v. Archer, supra.

In Ott v. Perrin, supra [116 Ind.App. 315, 63 N.E.2d 165], the complaint alleged that plaintiff "was riding with the defendant as the defendant's guest." The only breach of duty on the part of defendant was that he "carelessly, negligently, wantonly and wilfully" failed to observe the warning of a stop sign, etc. There the Appellate Court of Indiana expressly held that due to the failure of the complaint to allege that the plaintiff guest "was being transported without payment

therefor" it stated a cause of action on the theory of common law liability and not one under the so-called guest statute, citing Long v. Archer, supra, Id., 116 Ind. App. at page 318, 63 N.E.2d at page 165.

In Long v. Archer, supra, in the first paragraph of her complaint plaintiff alleged that she was riding as a "passenger" in defendant's car; that defendant drove his car in a certain manner (detailing his course of action); and that her injuries resulted from each of the alleged willful, wanton and reckless acts of defendant. The second paragraph of complaint was substantially like the first, except that it charged that plaintiff occupied defendant's car as his "guest," at his special instance, invitation and request, and without payment for transportation. It was therein further alleged that plaintiff's injuries were caused by the willful, wanton and reckless acts of defendant.[3]

In affirming the validity of the complaint on a ruling below overruling a demurrer thereto for want of facts, the Supreme Court of Indiana said: "The first paragraph of the complaint alleged merely that the plaintiff was a 'passenger' in [defendant's] car. The statute provides * * * [citing the Indiana Guest Statute, supra] * * *. The use of the term 'passenger' in the first paragraph of the complaint, as describing the relationship between the plaintiff and the [defendant], does not necessarily imply that the plaintiff was a guest in the contemplation of the statute. * * * We cannot say, as a matter of law, that the first paragraph of complaint alleged that the plaintiff was a guest within the meaning of the statute, but it disclosed the existence of some relationship that imposed upon the [defendant] the duty to exercise ordinary care toward and with respect to the plaintiff." Id., 221 Ind. at pages 192–93, 46 N.E.2d at page 821.

In that case, a jury trial resulted in a verdict against defendant. The jury also answered interrogatories by which it

---

**3.** We have omitted references to charges of negligence against a second defendant, the driver of another car in the collision, who received a favorable verdict at the hands of the jury.

found, *inter alia*, that plaintiff was not defendant's "guest" and that defendant "was guilty of willful and wanton misconduct."

In upholding the verdict of the jury on the second paragraph of the complaint, the Supreme Court went on to hold that, although the allegations therein are consistent with the theory of an action under the Guest Statute, "this does not necessarily follow," and that there "may be a common law liability although the injured party is being transported without paying therefor, and the use of the word 'guest' in the complaint does not necessarily impel the conclusion that the action was exclusively under the statute." Id., 221 Ind. at page 195, 46 N.E.2d at page 822. The court went on to hold that the second paragraph of complaint "was good on the theory of common law negligence, [and] it is unnecessary for us to consider whether it was also sufficient under the guest statute." Id., 221 Ind. at page 196, 46 N.E. 2d at page 822. The court ignored the finding of the jury on the guest issue and its finding that defendant "was guilty of wilful and wanton misconduct" as being "conclusions of the jury." Id. 221 Ind. at pages 196–97, 46 N.E.2d at page 823.

The weakness in defendant's contention on this appeal is revealed in his motion for a new trial wherein he states that "under the issues drawn by the complaint the plaintiff is only entitled to recover under the Guest Statute of the State of Indiana." In our view such a theory of recovery was not properly pleaded.

Under the substantive law of Indiana we are compelled to hold that the present complaint did not state a cause of action under the Indiana Guest Statute and that it stated an action of common law negligence.

While we think this holding is dispositive of this appeal, we point out that the record here shows at the very beginning of the trial defendant, in a colloquy with the court, had notice that plaintiff was relying on alternative theories, namely:

(a) willful and wanton misconduct, if the proof showed plaintiff was not a paying "guest," and (b) common law negligence, if the proof showed that he was a paying "guest." This point was fully discussed on several occasions by defendant's counsel, and the trial judge clearly indicated he thought the complaint was sufficient on the alternative theories. Defendant repeatedly sought to limit the proof to conform to the guest statute theory but the court refused to do so because it saw no "surprise" to defendant.

In this matter of trial procedure the district court was governed by the liberal interpretation to be given to the Federal Rules of Civil Procedure, 28 U.S.C.A. The complaint clearly stated a claim against defendant on which relief could have been granted. And, there can be and, indeed, there is no dispute that the facts established defendant was guilty of common law negligence. The trial court so found and such findings are not clearly erroneous. Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A.

Defendant's second contention is that the trial court erred in finding plaintiff was not a guest at the time of the accident within the meaning of the Indiana Guest Statute, supra. In view of our holding that the complainant, under Indiana substantive law, did not state a cause of action under the guest statute and that it states a claim under common law negligence, and, further, that the record abundantly demonstrates that defendant was guilty of actionable negligence, we do not reach or pass upon this final contention.

We further conclude that substantial justice has been done in this case.

The judgment of the district court is Affirmed.

CASTLE, Circuit Judge (dissenting).

The majority concludes that because the complaint "stated an action of common law negligence" and that the "facts established defendant was guilty of common law negligence" it becomes unneces-

sary to pass upon defendant's contention that the trial court erred in finding plaintiff was not a guest at the time of the accident. I do not agree.

The majority opinion recognizes that as to substantive matters the law of Indiana is to be applied in this case. By its statute[1] Indiana has established the substantive rule of law that the operator of a motor vehicle is not liable to a non-paying guest for injury resulting from operation of the vehicle unless the injury is caused by the wanton or wilful misconduct of the operator. And, in the instant case the trial court specifically found that "[d]efendant's conduct in driving his automobile immediately prior to the accident was not wanton or wilful". Thus, the trial court's ultimate conclusion of liability, implicit in the judgment for the plaintiff, can be sustained only if its conclusion that plaintiff was not a non-paying guest is not clearly erroneous.

The trial court made a finding, supported by the testimony, that:

> "Plaintiff desired to go where his automobile was located and asked defendant if he would take him. Defendant said that he would. Plaintiff thereupon said to defendant that he 'would put a dollar's worth of gas' in defendant's car. Defendant drove his automobile to the gasoline pump at Mac's Service Station and a dollar's worth of gas was placed in the car. Plaintiff paid for the gasoline".

There is nothing to show that the motivating reason or purpose which induced the trip was the offer to contribute the gasoline—an offer made and accepted after defendant said he would take plaintiff to his car.

The fact that after defendant had already agreed to take plaintiff to where plaintiff wanted to go defendant accepted plaintiff's subsequent offer to put a dollar's worth of gasoline in defendant's car is not, in my opinion, sufficient to establish that plaintiff became a paying-passenger not subject to the rule of non-liability imposed by the Indiana statute. Allison v. Ely, Ind.1960, 170 N.E.2d 371.

Nor, in my opinion, was plaintiff's non-paying guest status terminated by his action of lying down in the back seat and covering his head with his hands as a protective measure against what he believed was an impending accident.

I am of the view that the District Court's conclusion that plaintiff "was not a guest at the time of the accident within the meaning of § 47–1021" is, on the record before us, clearly erroneous. Negligence is therefore insufficient to support liability. I would reverse.