OLIVER, ETC. *v.* ESTATE OF ERNEST CLEMONS, ETC.

[No. 20,557. Filed April 22, 1968. Rehearing denied May 27, 1968. Transfer denied August 14, 1968.]

500

*Dale S. Ellis,* of Rensselaer, and *Fred Schwanke,* of Monticello, for appellants.

*Thomas B. Dumas* and *William J. Moriarty, Jr.,* of Rensselaer, and *Charles S. Siferd,* of Monticello, for appellees.

PRIME, J.—An action was brought by Woodrow Oliver to recover damages for personal injuries sustained by his son, Charles Oliver. Those injuries resulted when the automobile in which Charles was riding struck a bridge abutment and overturned. Named in the suit was the estate of the alleged driver of the auto, Earnest Clemons. Clemons and a third occupant died at the scene; the Oliver youth alone survived the crash.

The issues were formed by a complaint in two paragraphs. A motion to strike directed to the second paragraph was sustained. The ultimate issues were thus joined by the allegations of paragraph one and defendant-appellee's answer thereto in general denial.

Trial was commenced before a jury. After the plaintiff had presented his case, the defendant moved the court to direct the jury to return a verdict in defendant's favor. This motion was granted, and judgment was rendered accordingly on the verdict.

Appellee raised a procedural objection to the complaint regarding its sufficiency to state a cause of action under the Guest Statute. It is contended that since the complaint did not contain the words ". . . guest, while being transported without payment therefor", the plaintiff must proceed on a theory of common law negligence. This objection must fail for two reasons.

First, if there is doubt ". . . as to what the theory of a complaint is, the court will determine it from the general scope and tenor of the pleadings." *Ott* v. *Perrin* (1945), 116 Ind. App. 315, 63 N. E. 2d 163.

It cannot be seriously contended that the defendant did not know what theory plaintiff was proceeding under. Defendant filed a pre-trial motion entitled "Motion to Require Plaintiff to Elect and Adopt a Specific Theory of His Case, or Purported Cause of Action, as Stated in Pleading Paragraph II

of Plaintiff's Complaint," wherein the following language appears:

> "The plaintiff's second pleading paragraph of complaint does not state the capacity or relationship that existed between plaintiff and defendant's decedent, Earnest Clemons. For this reason defendant can not tell upon what theory pleading Paragraph II is founded. If this paragraph proceeds upon something other than the guest statute, it is not so shown and if it does proceed upon the theory that claimant was a guest in the Clemons car it is nothing more than a restatement of pleading Paragraph I."

Secondly, appellee cites several cases that contain language that would seem to support his position, but in fact do not. In *Ott* v. *Perrin* quoted, *supra*, it was held that a complaint lacking the words of art stated a cause of action on the theory of common law liability. In the same opinion, however, that court made the comment quoted. The *Ott* decision relied on *Long* v. *Archer* which dealt in part with a similar complaint. There, in construing the effect of an allegation that plaintiff was a passenger, but no allegation of non-payment, the court stated:

> "The use of term "passenger" in the first paragraph of the complaint, as describing the relationship between the plaintiff and the appellant, does not necessarily imply that the plaintiff was a guest in the comtemplation of the statute."

> "We cannot say, as a matter of law, that the first paragraph of complaint alleged that the plaintiff was a guest within the meaning of the statute, but it disclosed the existence of some relationship that imposed upon the appellant the duty to exercise ordinary care toward and with respect to the plaintiff. If the appellant desired the complaint to be made more specific as to the relation of the plaintiff to him he should have moved that this be done" (our emphasis). *Long* v. *Archer* (1943), 221 Ind. 186, 46 N. E. 2d 818.

Here, then, is a defendant objecting to the plaintiff's acceptance of a more stringent burden of proof, wilful and wanton misconduct, instead of simple negligence. There was no sur-

prise, nor was there doubt as to the theory of the complaint. If defendant felt impending prejudice, he could have filed a motion to make more specific.

> "If a plaintiff fulfills the requirements of the burden placed upon him by such statute of alleging wanton and wilful misconduct, the fact that the allegations of the complaint merely referred to the plaintiff as a guest and omitted the allegation "without pay", would not result in prejudice to the defendant in the absence of a motion to elect as to the theory upon which the cause was to be tried, whether under the common law theory of liability or under the guest statute." *Kirsch* v. *Harker* (1950), 120 Ind. App. 66, 89 N. E. 2d 924.

The sole question we thus consider is whether the plaintiff-appellant failed, as a matter of law, to offer evidence of probative value sufficient to establish a prima facie case. In examining this question the trial court, and this court in turn, must consider all facts presented as true, and then decide whether those facts, without rebuttal, would be sufficient to allow the plaintiff to recover the damages sought.

In examining the facts presented by the plaintiff, it is well settled that all reasonable inferences that may be drawn from the facts must be indulged in plaintiff's favor, for the purpose of determining the necessity of the defendant presenting his evidence, and finally submitting issuable facts to the jury. *Tuttle* v. *Reid* (1964), 245 Ind. 324, 198 N. E. 2d 610; *Clouse* v. *Peden* (1962), 243 Ind. 390, 186 N. E. 2d 1.

To establish a prima facie case for recovery in this action, the plaintiff's evidence, together with all reasonable inferences, must be sufficient to show by a preponderance of such evidence, that the injuries to Charles Oliver resulted from wanton and wilful misconduct of Earnest Clemons. Acts of 1937, Ch. 259, § 1, p. 1229; Burns' Ind. Statutes § 47-1021.

The plaintiff's evidence showed that Clemons had been drinking an undertermined amount of beer during the day, and that he was observed as being under the influence of alcohol. Further, several witnesses saw Clemons operating the vehicle prior to the crash. In addition, the vehicle passed another automobile at a high rate of speed, about 80-85 miles per hour, within one mile of the crash scene.

These facts and reasonable inferences are thus observed: Earnest Clemons may have driven an automobile, possibly at a high rate of speed, and while possibly under the influence of alcohol, into a bridge abutment. This conduct, if all factors are finally proven, caused serious injury to the plaintiff. We point out the contingency of each factor, except for Oliver's injury, which is not questioned, to demonstrate two things: first, that each might reasonably be found from the evidence presented so far and inferences drawable therefrom, and second, that each factor is independent from every other. There are, therefore, no inferences upon inferences, which of course may not properly be relied upon. The fact that there is a possibility of each having occurred precludes this court, and the trial court, from holding as a matter of law that one or more did not occur.

While neither speed nor drunkenness alone is evidence of wanton and wilful misconduct with the purview of the Guest Statute, there is authority for the proposition that a ▪ driver under the influence who drives at excessive speed and injures his guest may be held liable for those injuries, since the elements together may constitute the sanctionable misconduct. *Hubble* v. *Brown* (1949), 227 Ind. 202, 84 N. E. 2d 891.

If evidence is presented which might show actionable wrong, it is the jury's function to finally decide the issues. This court is not empowered to weigh evidence, but ▪ we are bound to examine it to find the existence or non-existence of facts and inferences which would, if uncontroverted, entitle a plaintiff to relief. We have made this

examination, and find that the plaintiff-appellant did not fail, as a matter of law, to establish a prima facie case. The trial court erred in directing a verdict against the plaintiff, and should have required the defendant to come forward with his evidence.

Having found the aforementioned error in the proceedings below, we reverse the judgment of the trial court and remand this cause for proceedings not inconsistent with this opinion.

Judgment reversed.

Carson, C. J., Cooper, J., concur.

Faulconer, J., dissents with opinion.

## DISSENTING OPINION

FAULCONER, J.—I would affirm the judgment of the trial court.

This appeal requires a consideration of the evidence set forth in the bill of exceptions. I agree with appellee's contention in his motion to dismiss or affirm that such bill is not properly certified. The record discloses that the Honorable Russell Gordon, sole Judge of the White Circuit Court presided at the trial of this cause. The Judge's certificate to the bill of exceptions is signed by Maurice Zerface, Judge, White Circuit Court, Indiana. There is no showing of any determination and court order as to the unavailability of the Honorable Russell Gordon or as to the reasons, if any, for his failure to sign said bill of exceptions. This prevents us from considering any alleged error depending upon the evidence. *Winn* v. *O'Neal, Sheriff, etc. et al.* (1957), 236 Ind. 264, 266, 139 N. E. 2d 536.

I further cannot agree with the majority's conclusion that there is sufficient evidence, or reasonable inference therefrom, of wilfull and wanton misconduct by appellee's decedent to take this case to the jury.

Taking the evidence most favorable to the appellant, against whom the verdict was directed, as true and drawing

506

all reasonable inferences therefrom as we are required to do, *Boswell* v. *Washington* (1967), 142 Ind. App. 73, 221 N. E. 2d 184, 9 Ind. Dec. 346 (transfer denied), it is my opinion that appellant has failed to prove a prima facie case of wilfull or wanton misconduct as those terms have been defined and applied by our Supreme and Appellate Courts. Therefore, in my opinion, the trial court did not err in directing a verdict for the appellee at the close of appellant's evidence.

NOTE.—Reported in 236 N. E. 2d 72.