Farber *v.* The National Forge and Iron Company *et al.*

No. 16,916.

## FARBER *v.* THE NATIONAL FORGE AND IRON COMPANY ET AL.

PROMISSORY NOTE.—*Consideration for Cross-Notes.*—A promissory note, given by the maker in exchange for a promissory note given by the payee, is given for a good consideration, although made for the mutual accommodation of the parties, even though the note given in exchange is worthless.

SAME.—*Adequacy of Consideration.*—Courts do not inquire into the adequacy of a *bona fide* consideration.

SAME.—*Amount of Consideration Paid by Subsequent Holder Not the Subject of Inquiry.*—If the original holder paid value it is of no consequence what a subsequent holder paid for the note, and what such subsequent holder paid for the note can not be inquired into in an action by him against the maker.

SAME.—*Who is a Holder for Value.*—"*Discounter.*"—If value has, at any time, been given for a note, the holder is a holder for value. A "discounter" is a holder for value and is entitled to recover the amount due on the note.

SAME.—*Action Upon, Sufficiency of Evidence to Recover.*—The introduction in evidence of the notes sued on makes a *prima facie* case in favor of the plaintiff, and overcomes the general denial filed by the defendant.

From the Lake Circuit Court.

*Merriam & Baum,* for appellant.

DAILEY, J.—On August 7, 1891, a suit in attachment was commenced in the Lake Circuit Court by the Chicago Machine and Power Company, against the National Forge and Iron Company, a corporation organized under the laws of the State of Illinois, with its principal place of business at Chicago in said State, but also operating a large establishment at East Chicago, Indiana, and the property of the defendant at the last named place was levied on. August 28, 1891, this proceeding was commenced as a file under suit in attachment by appellant, Farber, against the National Forge and Iron

Company, in said court, under said original suit, on six promissory notes made at Chicago, Illinois, by said defendant, payable to the order of M. J. Stern, and by said Stern indorsed and transferred, before due, to the appellant, amounting to $11,321.19, for the consideration of $3,000. The notes were made, executed, and delivered in Illinois, and the maker, payee, and indorser were citizens of that State.

On September 11, 1891, the defendants were ruled to answer. Motions to quash the writ and bond in attachment were overruled, and on December 17, 1891, William H. Gostlin, styled the receiver of the defendant company, appeared and asked to be made a party defendant, and on February 2, 1892, he was made a defendant, to which order the appellant excepted. For what property he was receiver, by what court or in what suit he was appointed, is not disclosed by the record, nor is it shown that he qualified by filing a bond in any court or cause.

On the 3d day of March, 1892, the defendant company answered by a general denial.

The defendant Gostlin also filed:

1st. A general denial.

2d. A plea of payment before the suit was brought.

3d. That each of the notes was executed by the defendant company without consideration, and received by the payee, Stern, with full knowledge thereof, and was taken by appellant without consideration and when overdue.

4th. That said notes were executed on May 27, 1891, to Stern, upon the sole consideration that he would execute his notes to the company for an equal amount, which was done, and that the notes executed by Stern were outstanding or in judgment against the company, and unpaid; that at the time of the failure of the com-

pany, Stern had the company's notes in his possession, and in order to collect the same without paying his own, unlawfully conspired with the appellant to fraudulently dispose of his property, and it was agreed that appellant should purchase those notes of him, which unlawful combination was consummated with full knowledge of the appellant; that a judgment against Stern would be unavailing; that the transfer to the appellant was for the sole purpose of enabling him to realize on some secret trust between the appellant and Stern.

5th. That the appellant is not the real party in interest in said suit; that the notes belong to Stern and the indorsements are colorable to enable appellant to sue for the benefit of the real owners.

The appellant replied to these answers, and, as the reply is not shown, it must be presumed to have tendered issue upon the whole of the answers and each paragraph.

On August 3, 1892, the case was tried by the court without the intervention of a jury, and the court found for the defendants, against the plaintiff Farber, and entered judgment thereon for costs.

There was a motion for a new trial, which was overruled, and from the judgment so rendered this appeal is prosecuted.

In Dowe v. Schutt, 2 Denio, 621 (623), it is said: "Where cross-notes are made, and specially exchanged by the makers, each note is the proper debt of the maker thereof, and each holder is a purchaser for value. As the note is a debt due to the holder, and his property, he may sell it on such terms and at such price as he pleases. It is strictly business paper, and although discounted on usurious terms, that can not affect its validity as respects the maker."

In 2 Am. and Eng. Encyc. of Law, 363, it is also said: "The exchange of notes, i. e., A giving B his note in

consideration of B giving his to A, is a lawful transaction, and both notes will be upheld; each note being the consideration for the other."

Nothing is better established than that a promissory note given by the maker in exchange for a promissory note given by the payee, is for a good consideration, and is in no sense an accommodation note, although made for the mutual accommodation of the parties. *Whittier* v. *Eager,* 1 Allen, 499; *Higginson* v. *Gray,* 6 Met. 212; 1 Daniel's Neg. Inst. (4th ed.), section 187; *Neuman* v. *Frost,* 52 N. Y. 422 (424).

This is true though the note given in exchange is worthless. *Rice* v. *Grange,* 30 N. E. Rep. 46.

The courts do not inquire into the adequacy of a *bona fide* consideration. *Earl* v. *Peck,* 64 N. Y. 596; 2 Law Reports, Appellate Cases, 616.

When the original holder paid value, it is of no consequence what a subsequent holder paid for the note. The consideration paid by him can not be inquired into. *Rice* v. *Mather,* 3 Wend. 65; *Butterfield* v. *Town of Ontario,* 32 Fed. Rep. 891; *Depuy* v. *Schuyler,* 45 Ill. 306; *Duncan* v. *Morrison,* 1 Ill. 151.

If value has, at any time, been given for a note, the holder is a holder for value. Benjamin's Chalmers on Bills, etc., 96 (98); *Trustees, etc.,* v. *Hill,* 12 Iowa, 462; *Hunter* v. *Wilson,* 4 Exch. 489; *Watson* v. *Flanagan,* 14 Tex. 354.

It is also the law that a "discounter" is a holder for value, and is entitled to recover the amount due on the note. *Thiedemann* v. *Goldschmidt,* 1 De Gex, F. & J., 4 (11); *Vinton* v. *Peck,* 14 Mich. 287 (296); *Murphy* v. *Lucas,* 58 Ind. 360; *Lay* v. *Wissman,* 36 Iowa, 305.

The record in this case does not show any interest in the defendant Gostlin, but the court permitted him to become a defendant under the name of receiver, and to

file an answer herein, which, if treated as a pleading in the action, raises the only issue about which there can be any controversy. It is ordinarily the rule that the introduction of the notes sued on, in evidence, as was done in this case, *prima facie* entitles the plaintiff to a recovery. Unless, therefore, the *prima facie* case so made was overcome by evidence produced by the defendants, the court should have entered a judgment for the plaintiff.

It is evident that the general denial filed by the defendant company, and the first and second paragraphs of the answer of Gostlin, are conclusively met by the introduction of the notes.

The third paragraph of Gostlin's answer, alleging that the notes sued on were executed and received without consideration, and transferred when overdue, is not sustained by the evidence. The testimony in the record bearing upon these propositions is as follows: The appellant Farber, who was called as a witness for the defendants, says: "I knew that he (Stern) had given his notes in exchange for these." "I gave $3,000 for these notes." "None of these notes were due when I purchased them."

And Stern says: "I sold these notes to Abram S. Farber for $3,000, cash. The $3,000 was paid by check given me by the Northwestern Iron and Metal Company. * * * I got the $3,000 check from Katlinsky, and got it cashed at the bank."

We think this evidence does not support, but fairly refutes, the averments of this paragraph.

The last paragraph of Gostlin's answer is also fully disposed of by the citations of evidence we have made. All that remains of the issues raised by the defendants in this suit are, therefore, the allegations, and proof under them, of the fourth paragraph of Gostlin's answer,

in which it is alleged that in order to collect the notes of the company, without paying his own, Stern unlawfully combined and conspired with the plaintiff that Stern should fail and that Farber should purchase the notes of the company, and that the assignment was made for the sole purpose to enable Farber to realize on the notes on some secret trust between him and Stern, with the intent that the latter should escape payment on his own notes.

It is needless to say that the references to the testimony heretofore made entirely contravene these allegations. All the testimony produced on the trial not only fails to give color to but completely disproves the averments of the unlawful combination or conspiracy charged, as well as the existence of any secret trust in Farber for Stern concerning these notes. Besides, in the statement we have set forth Farber testifies that Stern told him his notes were maturing and he needed money, and then made him the proposition to sell him these notes for $3,000, and says: "It is probable that with a stranger I would not have done it, I did it with him,— I gave him the $3,000 and took the notes;" that Stern mentioned, in a general way, that he expected to pay his notes to the National Forge and Iron Company, which were not then due; that the talk then was that this company would pay its creditors 50 or 60 cents on the dollar; that Stern, at the time mentioned, had property worth several thousand dollars, was in the furniture business, and did not sell out for "quite a while after it;" that he had no talk, at the time of the assignment with Stern concerning the notes he had executed to the National Forge and Iron Company in exchange for them, and that he did not then know anything about Stern's indebtedness or property.

Stern, called by the defense, testified that the money he realized from the sale of the notes to Farber was used

to pay his debts, and says: "I have no interest in the notes in this suit now, and have had none since I sold them to Farber."

We have stated the substance of all the testimony in the record relating to the transfer of these notes to the appellant, and it seems to us that it does not tend to show any thing but a fair, ordinary, business transaction, whereby Stern got money to apply on his debts and Farber received the notes for the money he paid to Stern. In our opinion, the averments of the fourth paragraph of the answer, on which the finding of the court is evidently based, are unsustained by the evidence.

The testimony of Katlinsky relates entirely to the manner in which the $3,000 consideration of the notes sued on was paid; *i. e.* with the check of the Northwestern Iron and Metal Company, and furnishes additional evidence that this sum was paid for them, as testified by Farber and Stern. It is true he says he does not know how the company came to issue the check, but that it was done by Farber's direction. There is nothing in this testimony that in any way conflicts with that of the witnesses Stern and Farber upon the material facts of this case.

We are of the opinion, therefore, that the trial court erred in the conclusion it reached, and for this error the judgment is reversed, with directions to enter judgment for the plaintiff for the amount of the notes in controversy, with interest.

Filed Dec. 12, 1894.