KEMPIN *v.* MARDIS, ADMINISTRATRIX, ETC., ET AL.

[No. 18,365. Filed March 24, 1953. Rehearing denied April 24, 1953. Transfer denied May 26, 1953.]

*William L. Travis, Palmer C. Singleton, Jr.* and *Dorsey, Travis & Tinkham,* (of counsel), all of Hammond, for appellant.

*Tinkham, Beckman & Kelly,* all of Hammond, for appellees.

KENDALL, J.—Appellee's decedent was killed in an automobile accident while riding as a passenger in the automobile of appellant when it was in a collision with the automobile of appellee, Anna Alvarado. While presented in different ways, the sole question for determination in this appeal is whether said decedent was excluded from the operation of the Indiana Guest Act, §47-1021, Burns' 1952 Replacement.

While there was a sharp conflict in the evidence on this question, we may consider only that evidence and the reasonable inference to be drawn therefrom most favorable to the appellee. There is evidence in the record from which the jury could have found that appellant and appellee's decedent were employed by the Chicago Decorating Company of Chicago, Illinois, as paint-

ers. When engaged in work outside the city of Chicago, they were each allowed Two ($2.00) Dollars per day for expenses. For several months prior to the date of the fatal accident, appellee's decedent rode to and from work in appellant's car. They had an arrangement whereby decedent paid gasoline and oil expense. On the morning of September 21, 1948, while going from Chicago to a job in Gary, Indiana, the accident occurred in which the decedent was killed. There is no denial of negligence by appellant.

We are of the opinion there was sufficient evidence to sustain the verdict of the jury. Therefore, the trial court did not err in refusing to direct a verdict in favor of appellant at the conclusion of the evidence.

Appellant next contends the trial court erred in giving, over his objection, Instruction number 28. This instruction, after quoting the Guest Statute, *supra,* stated:

> "The mere fact that the decedent, John Mardis, was not the driver of the automobile in question does not constitute him a guest being transported without payment therefor. Whether he was a guest being transported without payment therefor or a passenger paying compensation is a question of fact for you to determine from the evidence. The word 'guest' has more of social than business significance. The words 'without payment for such transportation' imply some valuable consideration for the ride. The presence of the person injured or killed must have directly compensated the owner or operator of the automobile in a substantial and material way. If the trip is primarily for business purposes and the one to be charged receives substantial benefit, though not a payment in a strict sense the guest relationship does not exist. Expectation of a material gain rather than social companionship must have motivated the owner or operator in inviting or permitting the other person to ride.

"If you find from the evidence that the decedent John Mardis, was not a guest within the meaning of this statute, then I instruct you that the defendant Emil Kempin, may be held responsible for his death if you find that said Emil Kempin was guilty of one of the acts of negligence, charged in the complaint which proximately contributed to the injuries and death of John Mardis and you further find that John Mardis was not himself guilty of any negligences which proximately contributed to his injuries and death, and did not himself incur the risk, if any."

Appellant's objection to this Instruction was as follows:

"It is uncontradicted that decedent, John E. Mardis and said Kempin were fellow employees enroute to a common job site at the time of the accident. There is no evidence that the trip pertained to any *business* advantage or benefit to Kempin, nor did it promote the joint or common interest of both occupants of the vehicle, but on the contrary the undisputed evidence merely established that they were enroute to a job for each individual's benefit and no joint benefit. Said instruction incorrectly states the law concerning what is meant by the term 'Guest' and the term 'without payment for such transportation' by charging the jury that the latter term implies some valuable consideration for the ride, and thereby conflicts with the Guest Statute and erroneously defines words of common and ordinary significance contrary to their ordinary meaning as used in the statute, and as interpreted by the courts of last resort in Indiana, to the prejudicial harm of the said defendant."

Appellant concedes that substantially the same language was used by our Supreme Court in the case of *Liberty Mut. Ins. Co.* v. *Stitzle* (1942), 220 Ind. 180, 41 N. E. 133, 139 A. L. R. 1391, but contends the Supreme Court in that case used inaccurate

language. We cannot agree with this contention. In that case the court was defining the words "without payment for such transportation," as used in the Guest Statute. It seems clear to us the court merely stated that a passenger is a guest while being transported without payment therefor, but is not a guest under the statute if there was a valuable consideration from the passenger for the ride. The rule announced in the last cited case has been followed in the following cases of this court: *Lee Brothers* v. *Jones* (1944), 114 Ind. App. 688, 54 N. E. 2d 108; *Albert McGann Securities Co.* v. *Coen* (1943), 114 Ind. App. 60, 48 N. E. 2d 58; *Ott* v. *Perrin* (1945), 116 Ind. App. 315, 63 N. E. 2d 163; *Swinney* v. *Roler* (1943), 113 Ind. App. 367, 47 N. E. 2d 846. (Transfer denied.)

Regardless of tenuous technical grammatical objections, we do not believe the jury was misled by this instruction. By other instructions the jury was adequately instructed as to appellant's theory on this subject.

Finally, appellants contend the trial court erred in refusing to give his tendered Instruction number 20. This Instruction is as follows:

> "If you find from the evidence that plaintiff's decedent and defendant Emil A. Kempin, were enroute to a job site in Gary, where they were engaged as fellow employees for a common employer and you further find that plaintiff's decedent did not share or pay the gasoline expense incident to the trip on the date of the accident, then you must find for the defendant, Emil A. Kempin."

We are of the opinion the trial court properly refused this instruction. It is entirely too narrow, it, in effect, tells the jury that even if appellee's decedent had an arrangement to pay the gasoline expenses on these trips, if on the particular day the accident

occurred, he had not paid for gasoline, he was a guest under the statute. This is not the law.

Careful examination has been given to each of appellant's specifications of error, and, finding no error, judgment is affirmed.

Achor, J., not participating.

NOTE.—Reported in 111 N. E. 2d 77.