## Lawson *v.* Cole.

[No. 18,375.   Filed November 4, 1953.]

*J. Edwin Smith,* of Gary, for appellant.

*Owen W. Crumpacker,* of Valparaiso, *Frederick C. Crumpacker, Jr.,* and *Edmund A. Schroer, Crumpacker & Schroer,* of Hammond, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action for personal injuries sustained in an automobile accident. Issues were formed in the court below on appellee's complaint in two paragraphs, the first alleging wilful and wanton negligence and the second alleging negligence, and the answer of appellant which denied appellee's claims of wilful and wanton negligence and negligence, and that the injuries were caused by appellant's misconduct. The issues were decided against the appellant and the jury returned a verdict for appellee in the sum of $12,500.00. The court entered judgment upon the verdict and this appeal followed.

Error asserted in this appeal, which is supported by propositions and authorities, is that the court erred in overruling appellant's motion for a new trial. The grounds of the motion for a new trial not waived are that the attorney for appellee was guilty of misconduct in the trial of the cause, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and that the court erred in the giving and refusing

to give of certain instructions. The assignments of error based on the alleged misconduct of counsel are:

"That on cross-examination of the plaintiff Luther Cole by Mr. Smith when the plaintiff was asked the question: 'When is the last time you talked to Mr. Lawson about the accident.' Mr. Fred Crumpacker, plaintiff's attorney, without cause interjected the question of insurance and negotiations between the parties towards a settlement as shown by the following remarks which were highly prejudicial to the defendant and prevented him from having a fair trial:

'MR. FRED CRUMPACKER: I am going to object, if your Honor please to bring out these facts. I think there are rules of law that any negotiations between the parties prior to the law suit are not admissible and I don't believe it is proper to go into the details of the matters that were discussed.

MR. SMITH: If the court please, entirely proper to show—

MR. CRUMPACKER: If you open that subject which is not within the pleadings, let's go into it all the way. Your insurance company—

MR. SMITH: If the court please, I would like to make a motion in the absence of the jury.

MR. CRUMPACKER: I am willing to have the motion in the presence of the jury. There is an attempt here to show the preliminary negotiations between the parties relative to the filing of this suit, and if you are going into that, let's go into it all the way.

MR. SMITH: I object to Mr. Crumpacker making a speech.

MR. CRUMPACKER: You want to put in part of it but you object to the rest. I have no objection to the jury being excused or staying in.

THE COURT: You may make your motion.

MR. SMITH: I move that the jury be discharged for the reason of the remarks of Mr. Crumpacker just made which are highly improper, irrelevant and certainly unprovoked and prejudicial.

MR. CRUMPACKER: I will have to object to that. An attempt by Mr. Smith to go into part of the settlement negotiations, allegations which are not in the issues of this cause and if he goes into part he should go into all of them. I object to that motion. Highly improper.' "

The question as to whether error has been committed by reason of alleged misconduct of counsel is a matter which must be considered by us in the light of whether a trial judge has abused his discretion in the management of a trial with due regard to the rights of the parties. Our courts have laid down the procedure which must be followed in order to reserve any question for review on appeal relating to misconduct of counsel. The steps in this procedure as set forth in *Ramseyer, Exr.* v. *Dennis* (1918), 187 Ind. 420, 116 N. E. 417, 119 N. E. 716, and followed by the Supreme Court in *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629, and by this court in *Richmond Insurance Co.* v. *Boetticher* (1938), 105 Ind. App. 558, 12 N. E. 2d 1005, and *Powell* v. *Ellis* (1952), 122 Ind. App. 700, 105 N. E. 2d 348, are:

"(1) To promptly interpose and state their objection, if reasonably required, to the objectionable language or argument, and request the court to so instruct the jury as to counteract any harmful effect of such language or argument, and if granted, and such instruction was not sufficient to cure the error, follow such action by a motion to have the submission set aside; (2) to promptly object to the improper language or argument of counsel, and move to set aside the submission, stating reasons why the harm done could not be cured by any action the court might take in the matter."

This court has specifically laid down the rule in *Richmond Insurance Co.* v. *Boetticher, supra,* that it is

insufficient to present misconduct of counsel for review on appeal by merely moving to set aside submission. The moving party must also state reasons therefor and show the trial court that the harm cannot be cured by some action of the trial court. We consider the use of the words "your insurance company" by counsel for appellee to have been improper. However, the record in the instant case does not show that the appellant asked the court to have the jury admonished, nor does the motion to withdraw submission set forth any reasons or any showing that the harm done could not be cured by any action that the court might take in the matter. The motion merely alleged that the remarks were highly improper, irrelevant, unprovoked and prejudicial. The reason for the rule that it is insufficient to merely move for withdrawal of submission without showing the trial court that the harm could not be cured by some action of the trial court, is based upon sound reason, in that each case of alleged misconduct presents a different problem based upon the peculiar facts and circumstances of that particular case, and since the question involved is whether the court has abused its discretion as to the particular circumstances involved, the trial court should be given an opportunity to correct any alleged harm if possible. In order for a court of appeal to determine whether such misconduct could not be cured in the course of the trial by an admonishment of the court to the jury, it is necessary for the facts and reasons thereof to be set forth in the lower court and that the lower court be given an opportunity to cure the harm and the reviewing court have the opportunity to pass upon the action of the trial court based upon the particular circumstances before the trial court. Any other rule would take from the trial judge the necessary

authority to correct errors which are possible of correction in the court below, and might result in endless litigation.

Other assignments of error involving the instructions and the questions of whether the verdict was not sustained by sufficient evidence and was contrary to law require that we set forth the substantial facts of the record.

The evidence establishes that appellant and appellee worked in the mills and rode to work together; that the relatives of both lived in Kentucky within a reasonable distance of each other; that they planned a trip to Kentucky during a strike of the mills and that appellee and his sister-in-law, May Cole, were to accompany the appellant and agreed to pay for the gasoline, oil and any food on the trip if appellant furnished his car. Appellee bought the initial tank of gasoline for the trip to Kentucky and bought the only meal that the parties had up to the time of the accident. They left Hammond about 12:30 A. M. on the morning in question for Kentucky. It was raining intermittently on the drive between Hammond and Kentland where they stopped for breakfast. The appellant drove at a speed of from fifty to fifty-five miles per hour. May Cole asked him to slow down. The pavement was wet and he did slow down. That it began to rain when they left Kentland and the appellee asked Lawson if he wanted him to drive and Lawson said "No" that he would drive. That May Cole again asked him to slow down and he did, and she went to sleep. That appellant drove between sixty-five and seventy miles per hour and Cole asked him to slow down between Kentland and Fowler. That the speed was reduced going through Fowler but after leaving Fowler the appellant drove between sixty-five and seventy miles per hour and the appellee said

"Ease up John, the pavement is wet." Appellant admitted that he probably did not pay any attention to appellee's complaint about excessive speed; that when he gets under the wheel he does not pay any attention to what the other guy says. The pavement was a two-lane macadam road and was wet. They passed a car which was going fifty-five or sixty miles per hour and after passing it the appellant drove to the right, the car skidded and he ran off the right side of the road with two wheels; that he made no effort to slow down or turn back in the road; that they ran off the road two or three hundred feet from the viaduct and that nothing could be seen distinctly for more than seventy-five to one hundred feet; that they were going about sixty miles an hour when they hit the abutment and the accident in question occurred.

The appellant insists that appellee failed in his burden of proof to establish wanton and wilful misconduct and that this proceeding was governed by the provisions of the Indiana Guest Act, §47-1021, Burns' 1952 Replacement, Acts of 1929, Ch. 201, §1, p. 679, as amended by the Acts of 1937, ch. 259, §1, p. 1229. It is true that under the guest statute the word "guest" has more of social than business significance and that if a trip is primarily social, incidental benefits though monetary, do not exclude the guest relationship. *Liberty Mut. Ins. Co.* v. *Stitzle* (1942), 220 Ind. 180, 41 N. E. 2d 133; *Kempin* v. *Mardis* (1953), 123 Ind. App. 546, 111 N. E. 2d 77; *Swinney* v. *Roler* (1943), 113 Ind. App. 367, 47 N. E. 2d 846; *Ott* v. *Perrin* (1945), 116 Ind. App. 315, 63 N. E. 2d 163.

We must determine in the instant case whether the evidence leads inescapably to the conclusion that social

companionship rather than material gain motivated the appellant in inviting or permitting the appellee to ride with him at the time of the accident in question. It is apparent from an examination of the record in the instant case that the jury could very properly have found that the relationship between appellant and appellee was a business relationship and not a social relationship. The trip was undertaken by virtue of an agreement by which appellee was to furnish the gas, oil and food. Appellant had received fruits of this agreement in the form of preliminary payments during the course of the trip. Both the appellant and appellee were going to different destinations in the state of Kentucky and each were saving money by virtue of the arrangements of the appellee to pay for the gas, oil and food. We have an entirely different situation in the case of *Swinney* v. *Roler, supra,* where the evidence showed the appellant and appellee riding from one destination to another for the sole purpose of playing a game of roque and wherein the purpose of the trip was entirely social. In the instant case the facts justified the jury in returning a verdict within the general rules of negligence. The evidence established negligence on the part of appellant and this court cannot disturb the verdict of the jury if there is evidence which supports the finding of the jury. Under the facts shown here the appellee was not required to establish wilful and wanton misconduct under the guest statute in order to justify the recovery, and since this verdict may stand under the rules of ordinary negligence, error, if any, relating to the guest statute or instructions with reference thereto was not harmful to the appellant.

We have examined the other assignments of error and find they are without merit, and by reason of the

conclusions reached herein we do not deem it necessary to unduly extend this opinion for a further discussion of the same. The verdict of the jury was sustained by sufficient evidence and was not contrary to law.

Judgment affirmed.

Crumpacker, J., and Kelley, J., not participating.

NOTE.—Reported in 115 N. E. 2d 134.