**Grace D. GRAHAM, Plaintiff-Appellant,**

v.

**Jaime Luis COLON, Defendant-Appellee.**

No. 16483.

United States Court of Appeals Seventh Circuit.

April 3, 1968.

Rehearing Denied April 26, 1968.

Cummings, Circuit Judge, dissented.

Louis L. Anderson, South Bend, Ind., for appellant.

Roland Obenchain, Jr., Frederick Link, South Bend, Ind., for appellee.

Before HASTINGS, Chief Judge, KNOCH, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

KNOCH, Senior Circuit Judge.

This cause arose out of an automobile accident. Plaintiff, Grace D. Graham, brought suit to recover damages from the defendant, Jaime Luis Colon, for injuries sustained by her because of his alleged negligence in the operation of his automobile in which the plaintiff was riding at the time.

Plaintiff appeals from the judgment for defendant entered on the general verdict of the jury. It is plaintiff's position that the Trial Judge erred in giving and refusing certain instructions.

Defendant, himself a student, testified that he had driven other students from Cincinnati to Chicago on several occasions. He described one incident when he had three passengers. On arrival at Chicago he found his gasoline had cost a little more than $12. He had divided that with the other three students by accepting contributions of $3 from each. On another occasion he had driven only one student and had accepted $3 from her.

He testified further that he had told other students that when he went to Chicago on certain weekends, other students might travel with him. He had a conversation, he said, with the plaintiff about two weeks before March 5, 1965, the date of the accident, in the course of which she asked whether he could take her to Chicago and what he would charge her. He had told her that on previous trips the several riders had shared the gasoline cost with him and that this had come to about $3 per person, but that if fewer riders came, he would say, "Just give me three dollars, so that you don't have the burden of the rest."

He stated that on all these trips he was going to Chicago whether or not he had other riders with him.

The plaintiff testified that she telephoned the defendant about two or two and one-half weeks before March 5, 1965, asked him if he were going to Chicago and how much he would charge, that he had said "three dollars" to which she replied "fine" and that she had given him the $3 when she boarded his automobile on March 5, 1965.

Plaintiff contends that these facts show an express contract for transportation between plaintiff and defendant for which plaintiff paid a cash consideration which rendered inapplicable the Indiana Statute in effect on the day of the accident, March 5, 1965, which provided:

> The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, * * * [absent wanton or wilful misconduct] Acts 1937, Ch. 259, § 1, p. 1229, Burns' Indiana Statutes Annotated 47–1021.

The Trial Judge instructed the jury:

> In order for you to find that plaintiff was a paying passenger in defendant's automobile, you must find that the transportation of plaintiff by defendant was motivated primarily by business reasons, as distinguished from hospitable, friendly, or other social motives. In other words, plaintiff's presence must have in some way directly compensated defendant in a substantial and material way, as opposed to providing a social benefit or incidentally contributing to the expenses of the trip.

> Incidental benefits, even the payment of money by plaintiff to defendant, do not constitute plaintiff a fare-paying passenger if her presence was due primarily to hospitable, friendly or other social motives, rather than business ones.

> Expectation of a material gain rather than social companionship must have motivated the defendant in inviting or permitting the plaintiff to ride.

The plaintiff charges that it was error for the Court to refuse to instruct the jury that as a matter of law, the plaintiff was a paying passenger outside the scope of the aforesaid Indiana guest statute.

The defendant, on the other hand, argued that only where the monetary consideration paid was the sole motivation for the transportation did such monetary consideration remove the occupant from the operation of the Indiana guest statute.

The plaintiff accordingly feels that the Court improperly admitted evidence of subjective intent and motive and relative costs of transportation. Plaintiff's position is that a bad bargain is still a bargain and that adequacy of consideration is open to question only where there is an issue of fraud, which is admittedly lacking here.

Plaintiff draws analogies from cases in other jurisdictions dealing with statutes similar to that of Indiana to the effect that payment under an express contract (as distinguished from an implied contract) removes the passenger from operation of a guest act. Thus plaintiff argues that it was in the case of an implied contract for transportation, that an Ohio Court in Burrow v. Porterfield, 1960, 171 Ohio St. 28, 168 N.E.2d 137, 141, followed the rule that the guest statute applied unless the payment for transportation in

money or other property is substantially commensurate with the cost to the driver. The Court there (p. 142) quoted from Duncan v. Hutchinson, 1942, 139 Ohio St. 185, 189, 39 N.E.2d 140, 142, to the effect that payment of expense money which was not substantially commensurate with cost would not take the passenger out of the guest status unless payment for transportation *as such* was actually agreed upon.

The Court said in *Burrow* that it would be unfair to hold the motorist to liability for injuries to his guest due to the hazards of transportation unless he was compensated for such transportation in a manner substantially commensurate with the cost and hazard of the undertaking. The plaintiff contends that the evidence here unequivocally shows payment for transportation as such was actually agreed on. We disagree.

The defendant invites our attention to Lawson v. Cole, 1953, 124 Ind.App. 89, 96, 115 N.E.2d 134, 138, where there was an express agreement that the appellee would pay for gasoline, oil and any food on the trip if the appellant furnished his automobile. The appellee did provide the initial tank of gasoline and the only meal the parties had prior to the accident. The Indiana Appellate Court said that if the trip were primarily social, incidental benefits though monetary would not exclude the guest relationship, and that the Appellate Court must determine whether the evidence led inescapably to the conclusion that social companionship rather than material gain motivated the appellant in permitting the appellee to ride with him. The Court went on to say that the jury could properly have found that the relationship was of a business nature rather than social, that the trip was undertaken by virtue of an agreement, both appellant and appellee saving money by virtue of the arrangement.

Both parties cite Liberty Mutual Insurance Co. v. Stitzle, 1942, 220 Ind. 180, 41 N.E.2d 133, and Allison v. Ely, 1960, 241 Ind. 248, 170 N.E.2d 371. In the *Liberty Mutual* case, the occupants were traveling to Chicago to select furnishings to be sold

to the defendant by the company which employed some of the other occupants of the vehicle. The Indiana Supreme Court held that the words in the Statute "without payment for such transportation" implied some valuable consideration for the ride, that the presence of the injured party must have directly compensated the operator in a substantial and material way; that expectation of material gain rather than social companionship must have motivated the operator in permitting the other person to ride. The plaintiff argues that the use of the word "implied" indicates that an express contract, as plaintiff contends was made here, would have removed the injured person from operation of the statute. We think that is a strained interpretation.

In a Washington case, cited by plaintiff, Parrish v. Ash, 1949, 32 Wash.2d 637, 203 P.2d 330, the jury were permitted to decide whether a 10¢ payment by the plaintiff to the defendant on the day prior to the accident was made and accepted for transportation on a 7-mile stretch of road as such or whether it was paid for a quantity of stale bread which was in the automobile and which was intended for chicken feed. There was a conflict in the evidence as to whether the rider paid the 10¢ specifically for the ride and then asked to buy one loaf of the bread, paying an additional 5¢ therefor or whether she paid the initial 10¢ for two loaves of the bread, saying nothing about the transportation. The rider claimed that on the day of the accident, she would have paid another 10¢ at the end of the ride. These parties who lived at farms close to each other were going to and from a place of mutual employment. Evidence was offered of a customary payment of such small sums for transportation in the community. The jury found for the plaintiff and the Court said that there was sufficient evidence to sustain a jury finding that the sum paid was for the transportation as such and operated to remove the plaintiff from the scope of the guest act.

The plaintiff contends that the District Court here erroneously relied on Allison

v. Ely, which held that the motives and purposes actuating the transaction were of prime importance. Plaintiff seeks to distinguish *Allison* in that regard because the Court in *Allison* stated that there was no express contract as to the payment of money for gasoline and oil or any other expenses of the trip "which would make appellee-Ely a fare-paying passenger and the trip one primarily for business purposes." In that case there was an arrangement for transportation of a number of college students including payment toward purchase of gasoline for the trip. The Court there said that the arrangement was made solely to get the students home for Thanksgiving more conveniently and expeditiously, that under the decisions of the Indiana Courts such an arrangement could not be said to be motivated by business reasons; that it was purely social and no material gain was anticipated, even though there might have been some cash differential accruing. Plaintiff interprets the statement above as indicating that a specific sum contributed in advance instead of payment along the way for such gasoline etc., as was needed would have converted Ely into a fare-paying passenger and the trip itself one for primarily business purposes. We do not agree.

In effect we have a similar case here. Plaintiff contributed toward the gasoline costs of a trip purely social in nature despite the fact that she paid her contribution in advance as she entered the automobile. She testified that she had it in her hand because she had a bad habit of forgetting things and she handed it to the defendant and told him that she didn't want to forget to give it to him.

The Court in *Allison* held that if the trip were primarily social or for pleasure as distinguished from business, incidental benefits, even the payment of money, did not exclude the guest relationship. The Court then discussed the motives which actuated the parties such as the saving of time, avoidance of inconvenience and expense of available public transportation. Similar motives were obviously at work here.

In Knuckles v. Elliott, Ind.App.1967, 227 N.E.2d 179, there was an arrangement for appellant to provide the automobile and appellee to pay the expenses. The Court there said that to exclude such cases from the guest statute, consideration must be given in excess of expenses incidental to the trip, that there must be a clear intent on the part of the owner of the vehicle to receive something more than mere reimbursement for such expenses as are incurred.

As in *Knuckles,* little or no economic benefit accrued to defendant here. The record shows that defendant planned to go from Cincinnati to Chicago and that he would have gone alone. He took along with him the plaintiff who wanted to visit Chicago, having told her his guests generally contributed toward gas and oil in a sum which was usually $3. There was no evidence of any business motive and the financial aspects of the trip were incidental.

The Court also said in *Knuckles:*

> Whether or not the kind of payment here alleged was such as was intended by the Legislature in § 47–1021, where it is said, "while being transported without payment therefor," is a matter of law to be decided by the court.
> \* \* \*

citing inter alia Allison v. Ely, 1960, 241 Ind. 248, 170 N.E.2d 371.

The District Judge here submitted to the jury, with appropriate instructions, the issue of motivation which involved a question of fact. In effect, however, the Trial Judge did rule on the legal issue when he refused to instruct the jury that plaintiff was a paying passenger as a matter of law and when he later denied a motion for new trial. On this record, we would be somewhat loathe to hold as not clearly erroneous any contrary ruling by the Trial Judge that as a matter of law the payment here was such as intended by the legislature to take the appellant out of the scope of the guest statute.

Nor can we agree with plaintiff that it was error not to withdraw the issue of

contributory negligence from the jurors who were charged on that issue.

■ The plaintiff testified that she was turned around in her seat, looking over her shoulder out the side to the back window, with her left leg drawn up on the seat and probably under her. She had no idea how long she had been looking in that direction. The jury might well have decided that her assumption of such a vulnerable position in a moving vehicle constituted contributory negligence.

We have carefully considered all points and authorities to which our attention has been invited and remain convinced that the judgment of the District Court must be affirmed.

Affirmed.

CUMMINGS, Circuit Judge (dissenting).

With all deference, I am unable to join in the majority opinion. Under the Indiana Guest Statute, the only express criterion for distinguishing a guest from a passenger is whether the transportation is "without payment therefor" (Burns', Indiana Statutes Annotated, § 47–1021). The Supreme Court of Indiana has held that this guest vs. passenger question is a matter of law to be decided solely by the court. Allison v. Ely, 241 Ind. 248, 170 N.E.2d 371, 376 (1960). As both parties acknowledge, that holding was recently reiterated and applied in Knuckles v. Elliott, 227 N.E.2d 179, 181 (Ind. App.1967). Therefore, it was clearly erroneous for the District Court to submit this question to the jury.

Plaintiff insists that she was entitled to a mandatory instruction that she was a paying passenger as a matter of law, whereas defendant insists that he was entitled to a contrary mandatory instruction. In resolving these contentions, the purposes of the Indiana statute are highly relevant. The statute has a twofold purpose: (1) to relieve the harshness of the common law rule which required ordinary care to be extended to a recipient of the driver's kindness and hospitality; (2) to avoid collusive suits of a friendly nature which would only be litigated if the defendant's insurance coverage were adequate. Note, The Indiana Guest Statute, 34 Indiana Law Journal 338, 339–340 (1959). Being in derogation of common law rights, the statute is to be strictly construed for the benefit of the rider. See Stayner v. Nye, 227 Ind. 231, 85 N.E. 2d 496, 499 (1949). In determining who are guests within the meaning of such statutes, the enactments should not be extended beyond the correction of the felt evils. 4 Blashfield's Cyclopedia of Automobile Law and Practice, § 2292. In the present case the plaintiff scarcely knew the defendant, so that neither purpose of the Indiana statute is thwarted by holding it inapplicable to this trip. Furthermore, upon analysis, the Indiana authorities warrant a mandatory instruction for plaintiff.

Here the plaintiff and defendant were not friends, but had met only once, and briefly, a month before the trip from Cincinnati to Chicago. The ride was not a social relationship but merely an economical means for this then twenty-year-old college student to reach her destination. The pre-trip single conversation between the parties was strictly business-like, fixing the time of departure and amount to be paid. At the very start of the trip, plaintiff handed defendant the pre-determined share of the gas money. No fraternizing or socializing occurred while the arrangements for the trip were being settled, thus negating any social purpose. Plaintiff had expressly agreed to pay defendant $3.00 to reimburse him for part of the gasoline expenses of the trip,[1] so that plaintiff became a fare-paying passenger and the trip a non-social one. Allison v. Ely, supra, 170 N.E.2d at p. 379; 8 Am.Jur.2d, Automobiles and Highway Traffic, § 478, p. 45; 3 Indiana

[1]. There being no fraud here, the adequacy of the consideration is not open to question. Farber v. National Forge & Iron Co., 140 Ind. 54, 39 N.E. 239 (1894).

If either party defaulted, the other could sue for breach of contract. See Allison v. Ely, supra, 170 N.E.2d at p. 380 (dissenting opinion).

Law Encyclopedia (1967 Pocket Supplement), Automobiles, § 74, p. 60. It is only "where groups of friends or relatives make arrangements to travel together, [that] consideration must be given by the guest in excess of expenses incidental to the trip" to exclude the rider from the Guest Statute. Knuckles v. Elliott, supra, 227 N.E.2d at p. 183.

In Liberty Mutual Insurance Co. v. Stitzle, 220 Ind. 180, 41 N.E.2d 133 (1942), the plaintiff sued defendant for her negligent interference with the driver of an automobile, causing injuries to plaintiff. The complaint was adequate only if the plaintiff was a passenger rather than a guest. In upholding the complaint against a demurrer, the Supreme Court of Indiana noted that there was no monetary profit to defendant. Even though plaintiff was to pay defendant nothing for the Chicago trip, the guest relationship was thought not to exist, for defendant "probably would be enabled to furnish her home which was evidently the end she sought to attain" through the fully compensated interior decorator plaintiff's accompanying her on the trip to Chicago (41 N.E.2d at p. 136). Since defendant there was to receive no fare or tangible compensation at all, the *Stitzle* case leads to the conclusion that there was sufficient benefit to this defendant to remove plaintiff from the operation of the Guest Statute.

In Ott v. Perrin, 116 Ind.App. 315, 63 N.E.2d 163 (1945), the parties rode to work in the same plant, alternating in each other's cars. Rides were exchanged due to the then prevalent gas shortage. It was held that the plaintiff was not a guest within the meaning of the Guest Statute even though the parties were friends who rode together every work day. Under the *Ott* case, this plaintiff, whose only ride with defendant, almost a complete stranger, was on the day of the accident, was *a fortiori* not a guest.

The only other Indiana case on which defendant relies is Lawson v. Cole, 124

Ind.App. 89, 115 N.E.2d 134 (1953), but there the court affirmed a verdict finding that plaintiff was a passenger even though he and defendant were co-workers and friends and even though the plaintiff had not made any sizable payments to defendant to cover the expenses of the trip.[2]

Applying the tests gleaned from the Indiana cases to the facts here, the District Court should have instructed the jury that plaintiff was a paying passenger as a matter of law. The court's refusal to give a mandatory instruction that plaintiff was a paying passenger was not tantamount to passing on that issue as a matter of law, for the guest issue was tendered to the jury. Likewise, the refusal to grant plaintiff's motion for a new trial was also not equivalent to passing on the guest issue as a matter of law, for that motion was based on various other grounds.

Plaintiff also complains that the District Court should not have given contributory negligence instructions to the jury, on the ground that there was no evidence of her contributory negligence. The only testimony bearing on this point is that plaintiff was looking out the side or back window when the accident occurred. Due care surely does not require a passenger to be staring ahead at all times during a long automobile trip. As stated in Horton v. Sater, 221 N.E.2d 452, 454 (Ind.App.1966), "an occupant may ordinarily rely on the assumption that the driver will exercise proper care and caution, and need not generally keep a lookout for approaching automobiles." Insofar as the record or defendant's brief shows, the jury was never told that plaintiff's posture might have constituted contributory negligence, so that the contributory negligence instructions cannot now be sustained on that theory. Defendant did not even ask the expert medical witness whether plaintiff's posture might have contributed to her injuries, nor was this ground raised in defendant's brief. On this record, the

2. Under rather similar facts, a jury verdict that the rider was not a guest was

sustained in Kempin v. Mardis, 123 Ind. App. 546, 111 N.E.2d 77 (1953).

plaintiff was entitled to an instruction that she was not contributorily negligent as a matter of law.

Since the jury rendered a general verdict for defendant, there is no way to ascertain whether the verdict was based on a finding that defendant was negligent, that plaintiff was a guest, that she was contributorily negligent, or a combination of these factors. Therefore, the case should be remanded for a new trial, but solely to determine whether defendant was guilty of negligence proximately causing plaintiff's injuries.