HERBERT RAISOR ET UX. *v.* HERBERT KELLY ET UX.

[No. 971A180. Filed May 30, 1972. Rehearing denied June 29, 1972. Transfer denied September 15, 1972.]

*Douglas L. Denmure, Hartell F. Denmure,* both of Aurora, for appellants.

*Charles W. Lehner,* of Lawrenceburg, *Edward J. Utz,* of Cincinnati, Ohio, for appellees.

LYBROOK, J.—Plaintiffs-appellants appeal from the decision of the trial court granting defendants-appellees' Motion to Correct Errors which ordered a new trial after plaintiffs had recovered damages in the sums of $1,000.00 and $39,000.00 respectively, by jury verdicts, from the defendant, Corrilla Kelly.

During final argument plaintiffs' counsel made reference to certain hospital bills which had been excluded from the evidence by the court. Defendants immediately moved for a mistrial which the trial judge indicated he felt compelled to grant but did not grant at that time. At the invitation of the court, counsel conferred with the Judge in private. Defendants contend that an agreement was reached between the parties and the court which provided that the case would go to the jury and that defendants could have a new trial if the verdicts returned were felt by the defendants to be unreasonable. Plaintiffs deny that they agreed to this. In an entry made granting the defendants' Motion to Correct Errors the court

referred to the "arrangement" and found that "said agreement should be carried forth and a new trial granted herein".

Final argument of counsel was not recorded and neither was the alleged agreement made a part of the record. There is some indication that the trial judge admonished the jury to disregard the remark of plaintiffs' counsel but the record is also silent on this point.

Appellants filed a Motion to Correct the Judgment Entry pursuant to TR. 60(A), Indiana Rules of Procedure, IC 1971, 34-5-1-1, by reciting the fact that the jury was admonished to disregard counsel's remark. This motion was not granted by the court. In oral argument before this court, however, counsel for all the parties, agreed that the trial judge did in fact give the jury the standard and usual admonition to disregard the remark.

Appellants obtained and filed separate affidavits from each member of the jury panel which recited that after counsel's reference to hospital bills not in evidence, the court admonished the jurors to disregard any reference to the same. Each affidavit further stated that the jurors never saw the bills nor had any knowledge as to their monetary amounts; that they followed the court's admonition and did not consider the hospital bills not in evidence in any way in arriving at the verdicts.

The defendants, in an affidavit accompanying their Motion to Correct Errors, stated that plaintiffs' counsel's remark to the jury was "there are other hospital bills that you can consider in this case". Plaintiff, however, in an affidavit opposing the Motion to Correct Errors, characterizes the remark as follows: "There are other hospital bills not in evidence and there will continue to be other hospital bills as long as she lives". Plaintiffs denied that their counsel made the remark as phrased by the defendants.

Plaintiffs filed two Consents to Reduce Verdicts wherein they offered to reduce the verdict for Herbert Raisor from $1,000.00 to $500.00 and the verdict in favor of Harriett

Raisor from $39,000.00 to the sum of $29,500.00. Defendants did not accept nor respond to these offers.

During the trial while appellant, Herbert Raisor, was on the stand, he was handed four separate hospital bills from Dearborn County Hospital which were marked "Plaintiff's Exhibits 8, 9, 10 and 11". Exhibit 8 was identified as a bill in connection with Harriett Raisor's injuries and the total charge was $2,573.45. Defendants objected to Exhibit No. 9 for the reason that the bill was for acute diverticulitis and cerebral arteriosclerosis. Defendants likewise objected to Exhibit 10 for the reason that the bill was for acute diverticulitis. The court sustained the objections to Exhibits 9 and 10. Exhibit 11 was likewise objected to for the reason that it was for cerebral arteriosclerosis and the objection was sustained by the court.

These same exhibits were offered again at the conclusion of the direct examination of Dr. Frable, the treating physician. At the conclusion of Dr. Frable's testimony the transcript recites the following:

"BY THE COURT: THE COURT WILL ADMIT PLAINTIFF EXHIBITS NO. 8 AND NO. 11. AND WILL SUSTAIN PLAINTIFFS EXHIBITS NO. 9 AND NO. 10." [Sic]

Dr. Frable testified that Mrs. Raisor was his patient during the dates shown on all of the above numbered exhibits and that all of the various hospital confinements, as shown thereon, were related to Mrs. Raisor's injuries sustained on June 24, 1969. He also testified that the injury caused aggravation of the diverticulitis and cerebral arteriosclerosis and that Mrs. Raisor was still under his care.

From the above it would appear that the excluded Exhibits No. 9 and 10 related to the same conditions covered in Exhibits 8 and 11 and further that said Exhibits 9 and 10 were in the middle period of the hospitalization of plaintiff.

It should be noted that Mrs. Raisor received her injuries

when an automobile rolled and passed over her body. In the opinion of her surgeon, Dr. Frable, the diverticulitis was aggravated by the trauma and she was operated upon and 12 feet of her intestines was removed.

Since Exhibits 9 and 10 covered the second period of hospitalization during which plaintiff's surgery occurred and since Exhibit 11, which was admitted, covered the third period of hospitalization which was for complications arising out of the second period, it would appear that all these exhibits have been tied together and had a reasonable relevancy to plaintiff's injuries.

The reported cases are legion where counsel has gone outside the record in argument, followed by the trial court sustaining objections to the remark and admonishing the jury to disregard the same. Typical of the decisions holding that this is sufficient to cure the objection, are: *Gerking* v. *Johnson* (1942), 220 Ind. 501, 44 N. E. 2d 90 and *Home Tel. Co.* v. *Weir* (1913), 53 Ind. App. 466, 101 N. E. 1020.

We are of the opinion that counsel's remark in the case at bar was inadvertent and was cured by the court's admonition. Technically, counsel had no right to refer to bills not in evidence, yet this certainly does not appear to be a deliberate statement calculated to either inflame or mislead the jury.

It is doubtful, to say the least, if appellees laid the necessary groundwork for the withdrawal of submission. In the language of a leading case, *Lawson* v. *Cole* (1953), 124 Ind. App. 89, 115 N. E. 2d 134:

> "Our courts have laid down the procedure which must be followed in order to reserve any question for review on appeal relating to misconduct of counsel. The steps in this procedure as set forth in *Ramseyer, Ex'r.* v. *Dennis* (1918), 187 Ind. 420, 116 N. E. 417, 119 N. E. 716, and followed by the Supreme Court in *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629, and by this court in *Richmond Insurance Co. of New York* v. *Boetticher* (1938), 105 Ind. App. 558, 12 N. E. 2d 1005 and *Powell* v. *Ellis* (1952), 122 Ind. App. 700, 105 N. E. 2d 348, are:

'(1) To promptly interprose and state their objection, if reasonably required, to the objectionable language or argument, and request the court to so instruct the jury as to counteract any harmful effect of such language or argument, and if granted, and such instructions were not sufficient to cure the error, follow such action by a motion to have the submission set aside; (2) to promptly object to the improper language or argument of counsel, and move to set aside the submission, stating reasons why the harm done could not be cured by any action the court might take in the matter.'
"This court has specifically laid down the rule in *Richmond Insurance Co. of New York* v. *Boetticher, supra,* that it is insufficient to present misconduct of counsel for review on appeal by merely moving to set aside submission. The moving party must also state reasons therefor and show the trial court that the harm cannot be cured by some action of the trial court. We consider the use of the words 'your insurance company' by counsel for appellee to have been improper. However, the record in the instant case does not show that the appellant asked the court to have the jury admonished, nor does the motion to withdraw submission set forth any reasons or any showing that the harm done could not be cured by any action that the court might take in the matter. The motion merely alleged that the remarks were highly improper, irrelevant, unprovoked and prejudicial. The reason for the rule that it is insufficient to merely move for withdrawal of submission without showing the trial court that the harm could not be cured by some action of the trial court, is based upon sound reason, in that each case of alleged misconduct presents a different problem based upon the peculiar facts and circumstances of that particular case and since the question involved is whether the court has abused its discretion as to the particular circumstances involved, the trial court should be given an opportunity to correct any alleged harm if possible. In order for a court of appeal to determine whether such misconduct could not be cured in the course of the trial by an admonishment of the court to the jury, it is necessary for the facts and reasons thereof to be set forth in the lower court and that the lower court be given an opportunity to cure the harm and the reviewing court have the opportunity to pass upon the action of the trial court based upon the particular circumstances before the trial court. Any other rule would take from the trial judge the necessary authority to correct errors which are possible of correction in the court below, and might result in endless litigation."

The objecting party is in no position to complain about the failure or insufficiency of the court's admonishment when he requests nothing except the setting aside of submission and the discharge of the jury. *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 97 N. E. 429.

After the admonishment there is nothing before us to suggest that the defendants again moved that the case be withdrawn from the jury on the ground that the error was not cured by the court's admonition. See *White* v. *Crow* (1964), 245 Ind. 276, 198 N. E. 2d 222.

Furthermore, defendants failed to give reasons for the trial court to consider, as required by *New York Central R. Co.* v. *Cavinder* (1965), 141 Ind. App. 42, 211 N. E. 2d 502. The rule requiring the statement of reasons has been reaffirmed in *City of Shelbyville* v. *Morton* (1965), 138 Ind. App. 460, 208 N. E. 2d 705.

Defendants cite *Perry, Mathews-Buskirk Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 440, 67 N. E. 183 and quote extensively therefrom in support of their position. However, the last paragraph of the above case states the proposition that it is the duty of the court to withdraw statements from the jury and instruct the jury to disregard the same when objection has been made by counsel. The court stated in *Perry, supra,* in reversing the decision, that no attempt was made by the court to correct or remedy the misconduct of counsel.

Since the excluded Exhibits 9 and 10 were offered in evidence twice and discussed in the presence of the jury, plaintiffs' counsel's remark told the jury nothing which they did not already know. The jury knew from the evidence that Harriett Raisor had been in the hospital on three different occasions, that these bills existed and that two of them were not admitted into evidence by the court. The jury acquired this knowledge during the trial long before counsel's remark. No amounts were ever referred to in the evidence concerning Exhibits 9 and 10. It is difficult for us to embrace the posi-

tion that this remark was so prejudicial that it was not cured by the admonishment duly and properly made.

Unfortunately, neither the remark, the court's admonition, nor the "agreement" between court and counsel, was placed in the record for posterity.

Appellees contend that appellants were bound by the agreement between counsel and the court, which the trial judge referred to in his entry granting Motion to Correct Errors. Appellants deny that they agreed. Appellees in argument before this court stated that there was an "implied" agreement.

This underscores the need for preserving matters of importance in the record of the trial. If the agreement was so vital that it was to control the outcome of the case certainly it deserved the treatment accorded a common stipulation.

After the admonishment was made by the court, defendants made no additional motion to set aside submission nor did they state reasons showing they had been prejudiced, notwithstanding the admonishment. The defendants permitted the trial to continue without objection and without making any record whatsoever.

In *Indianapolis Railways, Inc.* v. *Boyer* (1940), 108 Ind. App. 161, 26 N. E. 2d 62, the court stated:

> "This court does not condone or approve remarks of counsel in arguments to juries which are outside the record', but we do not think it is reasonable to infer that the jury, which we must assume was composed of fair minded citizens, was in any way influenced by such a remark after being instructed by the trial court to entirely disregard it. Therefore if said remark was 'outside the record' it was *harmless error*." (Emphasis supplied.)

The term "harmless error" in the above case applies to the case at bar. We believe that TR. 61, Indiana Rules of Procedure, was designed for this situation. It reads:

### "HARMLESS ERROR

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in any-

thing done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Appellees, while contending that counsel's remark was unfair and prejudicial, never stated their reasons for this opinion, either at the trial, in their brief or in their argument before this court. In harmony with both the letter and spirit of the above rule, we hold that their "substantial rights" were not affected.

The decision is hereby reversed and this cause is remanded to the trial court with the direction that judgment be entered upon the verdicts of the jury in the full amounts thereof.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 282 N. E. 2d 871.