JOE TROXEL, ADMINISTRATOR *v*. LINDA D. OTTO.

[No. 272A91. Filed October 10, 1972. Rehearing denied November 8, 1972. Transfer denied March 19, 1973.]

438

*Miller, Tolbert, Hirschauer & Wildman,* of Logansport, for appellants.

*Vaughan and Vaughan,* of Lafayette, for appellee.

SULLIVAN, J.—Plaintiff-appellee Linda D. Otto (hereinafter referred to as Otto) brought this action again Clara A. Troxel to recover damages for injuries arising out of an automobile accident on November 3, 1967. Clara A. Troxel died on July 27, 1970. Death was caused by injuries suffered in a subsequent unrelated accident in which Clara Troxel was apparently struck by a truck at the intersection of her driveway and the roadway—the same site involved in this action. Her husband, Joe Troxel, special administrator of her estate, (hereinafter referred to as Troxel) was substituted as party defendant.

There were no witnesses to the accident other than Otto and Clara Troxel. Both parties agreed that neither car touched the other. Troxel contended that Clara Troxel was backing her car in the driveway preparatory to entering the highway but that she saw the Otto car coming and stopped her car on her own property, never entering the highway. Otto's position was that Clara Troxel backed onto the highway in front of her causing Otto to lose control of her automobile. When it stopped, the Otto car was impaled against a tree, some 200 feet from the Troxel driveway.

The jury returned a $40,000 verdict in favor of Otto upon which judgment was entered.

Troxel filed a timely Motion to Correct Errors. The trial court determined that there had been a fair trial and overruled the Motion.

This appeal was perfected presenting the following alleged errors:

(a) The court erred in failing to withdraw the submission of this case to the jury by reason of misconduct of the attorney for the prevailing party.

(b) The court erred in permitting Dr. El. D. Stahl to testify as to the cause of plaintiff's injury, over objection that he wasn't the treating physician and that his information from which he based his opinion was secured from the records of the treating physician.

(c) The court erred in failing to withdraw the issue alleged in plaintiff's complaint that the "defendant failed to keep a lookout" for the reason there was no evidence upon which the jury could find the defendant failed to keep a lookout.

(d) The evidence was undisputed that the plaintiff was guilty of contributory negligence as a matter of law.

By reason of the result we obtain, treatment only of Specification (a) is made herein.

At the trial Otto's attorney mentioned the second accident several times. Otto's counsel first referred to Clara Troxel's later accident in his opening statement. Counsel not only referred to the second accident, but argued with the court that Clara Troxel's death was "one more instance * * * of her not looking." This dialogue occurred in the presence of the jury.

The opening statement was transcribed and made a part of the record, the applicable portion of which is as follows:

"Mr. Vaughan: But we are going to prove in addition that in fact Mrs. Troxel not only on this occasion wasn't looking for traffic coming either way when she pulled out there but in fact the cause of her actual death was due to the fact—

\* \* \*

The Court: You must restrict yourself, Mr. Vaughan, to the jury as to what you are going to prove in the evidence you will present. The death of Mrs. Troxel has no bearing on your lawsuit.

\* \* \*

Mr. Vaughan: Well we don't agree with the Court but I'm still going to offer proof of how she died and what she wasn't doing. In fact *there is just one more instance, it being her final demise of not looking.* (Emphasis supplied)

\* \* \*

The Court: I think I know what you intend to do; to show a pattern but such pattern must be shown in time prior to this accident."

Later, during the cross-examination of witness Joseph Troxel, Vaughan again injected before the jury the irrelevant fact that Mrs. Troxel's death occurred at the same place as the accident in litigation. The record in this respect is as follows:

"Q. Now, Mr. Troxel, after the accident, I will ask you if your wife in fact on the day that she—she is now deceased, that's true isn't it?

A. Yes.

Q. I will ask you if on that occasion she was in the process of trying to cross this road in front of your house?"

The matter was hammered upon the jury's consciousness a third time by Otto's counsel in final argument:

"She [Otto] did everything in her power to save that woman's life and in fact did save her life and if she would have broadsided her, she would have been deceased at the same place that she was earlier, about three years earlier. We can't go into that second accident."

The above matters of record clearly demonstrate that Otto's counsel should have and no doubt did realize that the matter

sought to be thrust into the lawsuit was prejudicial and inadmissible.

An isolated inadvertent remark or misstatement by counsel, even though prejudicial, may not constitute reversible error. *Raisor* v. *Kelly* (1972), 152 Ind. App. 198, 282 N. E. 2d 871. It is an entirely different matter, however, for counsel to persist in an attempt to influence a jury verdict by irrelevant and prejudicial comments particularly when the court has repeatedly ruled such conduct to be improper. Had counsel not repeatedly referred to the death of Clara Troxel before the jury, his first reference could perhaps be excused as attributable to the heat generated by trial combat. In such instances the trial court can most often correct the error by admonishing the jury to disregard the improper remarks. *Raisor* v. *Kelly, supra.* In *Wright* v. *State* (1972), 259 Ind. 197, 285 N. E. 2d 650, the Supreme Court considered whether a prosecutor's conduct in attempting to inject matter which the judge had ruled inadmissible was so prejudicial as to require reversal and additionally whether the trial court's admonition was sufficient to cure any prejudice which may have been done. The Court said at 285 N. E. 2d 653:

> "The fact that the judge *later* ruled the evidence inadmissible because not sufficiently connected to the incident does not indicate any purposeful attempt by the prosecutor to prejudice appellant's case. It was certainly not patently obvious that the exhibits would be held inadmissible." (Empasis supplied)

The court further held that any prejudice arising from such conduct was cured by the instruction to disregard any evidence which had been ruled inadmissible.

In the case before us, the trial court clearly and explicitly made its ruling upon the first of three attempts by counsel to improperly influence the jury. Furthermore, the recurrent references by counsel here destroyed any effectiveness that a simple admonition to disegard the remarks might have had. Those repeated remarks compelled opposing counsel to make

repeated objections. Such objections often alienate a jury in that the laymen view them as an unfair hindrance to a full disclosure of all facts which might aid and expedite their verdict.

There can be no doubt that Otto's counsel was guilty of misconduct. As stated in *The School Town of Rochester* v. *Shaw* (1885), 100 Ind. 268, 272:

"* * * plaintiff's counsel was guilty of misconduct in the trial of the cause; and when he persisted in making such remarks after being warned by the court to desist, he was guilty of gross misconduct * * *"

When counsel is guilty of clear misconduct as here, such is presumed prejudicial to the adverse party. *Nelson* v. *Welch* (1888), 115 Ind. 270, 16 N. E. 634; *Helton* v. *Mann* (1941), 111 Ind. App. 487, 40 N. E. 2d 395.

Usually, as stated in *Sheridan* v. *Siuda* (1971), 150 Ind. App. 395, 276 N. E. 2d 883, 888:

"* * * appellate courts will not interfere with the final result of the trial unless it appears from the entire record that the misconduct of counsel in making improper argument is probably the means of securing a wrong verdict."

However, at the risk of redundancy we hold that the repeated references here to a matter previously and properly excluded by the trial court, coupled with the closeness of the evidence in this case,[1] makes it extremely probable that the impropriety of counsel here influenced the jury's verdict.

Appellee contends that the current trend of the law is reflected in *Dale* v. *Trent* (1970), 146 Ind. App. 412, 256 N. E. 2d 402. The Court there declined to say that reference by counsel to facts which the court later ruled inadmissible constituted reversible error. The evidence referred to in *Dale* was a police report. This report was noted to be possibly

---

1. The record showed that there were no witnesses other than the drivers of the cars. One of these persons was deceased at the time of the trial.

relevant and admissible with respect to some aspect of the trial. On the other hand, the evidence referred to by Otto's counsel in the cause before us concerned events happening 2-½ years after the accident in question. It was further noted in *Dale,* as a point of distinction:

> "Since the jury never saw the contents [of the evidence excluded] it could not possibly have known of the nature of such evidence . . . It's verdict, therefore, could not have been based upon the alleged prejudicial conduct of the plaintiff's counsel." 256 N. E. 2d 402, 412.

The *Dale* case therefore is of no assistance to Otto's position.

Lawyers are guardians of the law and necessarily play a vital role in the preservation of society's respect for law. To fulfill this role lawyers must understand their relationship and function with respect to the judicial system. A consequent obligation of lawyers is to maintain the highest standard of ethical conduct as set forth in the Code of Professional Responsibility.[2] Canon 7 of that Code provides:

> "A Lawyer Should Represent a Client Zealously Within the Bounds of the Law."

Ethical Consideration 7-25 states that rules of evidence and procedure are designed to lead to just decisions and constitute a portion of the framework of law. EC 7-25 then declares that a lawyer should not by subterfuge put before a jury matters which it can not properly consider. This court would be among the first to assert that an extremely strict

---

2. "The Canons are statements of axiomatic norms, expressing in general terms the standards of professional conduct expected of lawyers in their relationships with the public, with the legal system, and with the legal profession. They embody the general concepts from which the Ethical Considerations and the Disciplinary Rules are derived. The Ethical Considerations are aspirational in character and represent the objectives toward which every member of the profession should strive. They constitute a body of principles upon which the lawyer can rely for guidance in many specific situations." Preliminary Statement, Code of Professional Responsibility. Interpretive guidance is embodied in the Canons and in the objectives reflected by the Ethical Considerations.

interpretation of the Consideration might unduly restrict counsel. See *Dale* v. *Trent, supra*. However, repeated referrals to matters specially excluded by the court can be interpreted in no other manner than to be an intentional violation of the principles expressed in EC 7-25. See also Disciplinary Rules 7-106 (c) (1) and (7).

An argument can be presented, as in *Dale* v. *Trent, supra,* against adoption of a policy which would require lawyers at their peril, to ask only such questions and offer only such exhibits as are agreeable to opposing counsel. Alert counsel however may protect himself against possible misconduct by means of a pre-trial order determining admissibility whenever his trial preparation discloses evidence of a highly prejudicial nature which may or may not be admissible. Protective orders might conversely serve as a firm and advance admonition to counsel not to embark upon a path which might lead to a mistrial or reversal. Such pretrial preparation and utilization of available procedures is to be encouraged. See Ind. Trial Rule 16 (A) and 16 (J).

By reason of our determination upon the misconduct issue, it is unnecessary for us to pass upon the other alleged errors. *Selner* v. *Fromm* (1969), 145 Ind. App. 378, 251 N. E. 2d 127.

The decision of the White Circuit Court is reversed, and the cause remanded for new trial.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported in 287 N. E. 2d 791.